## Victoria B. Miskelly v. Clifton R. Miskelly

[ 207 A.2d 153 ]

December Term, 1964

Present: Holden, C. J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 2, 1965

*Davis, Martin & Free* for petitioner.

*Harvey B. Otterman* for petitionee.

**Shangraw, J.** The petitioner, Victoria B. Miskelly, brought a petition returnable before the Orange County Court seeking to have

the petitionee, Clifton R. Miskelly, adjudged in contempt of court by reason of his alleged failure to make certain payments, by way of alimony, under a temporary order, and a final divorce decree granted to the petitioner. The petitionee countered by a petition seeking to have the petitioner adjudged in contempt by reason of her failure to comply with certain provisions contained in the decree of divorce. By reason of a change in his circumstances, the petitionee also sought a reduction of the alimony payments ordered in the divorce decree.

Following a hearing by the court on both of the petitions, each party filed a request for findings of fact. No findings were made by the court. On September 12, 1963 the court issued its order denying the prayers for contempt requested by each party. By its order the alimony provisions contained in the divorce decree were modified.

At no time were findings of fact waived by either party. The petitioner, Victoria B. Miskelly, has appealed and urges that, under the provisions of 12 V.S.A. §2385, it became mandatory on the part of the court to reduce to writing the facts as found, unless waived by all parties. She urges that the failure of the trial court to prepare, sign, and file written findings of fact constitutes error.

The above statute upon which the petitioner relies reads in part as follows:

*"2385. Findings of fact.*
All facts found by any tribunal in actions or proceedings tried without a jury upon which an appealable judgment, order, decree or determination is rendered, shall be reduced to writing, unless waived by all parties, and shall be signed by a majority of the members of the court or the presiding officer and filed . . ."

This statute was fully discussed in a recent case decided by this Court. *Lash Furniture Co. v. Norton,* 123 Vt. 226, 185 A.2d 734. It was there held to be the duty of the trial court to find and state the facts, unless findings are expressly waived. The litigants were entitled to it. The statute demands it. Until this requirement is fulfilled the judgment has no legal basis.

Here, the trial court apparently overlooked the statute, and disregarded the requests for findings. The judgment order must be held for naught.

*Judgment vacated. Cause remanded.*