# Karl M. Beal and Dorothy Beal v. James E. Ready

[ 223 A.2d 820 ]

October Term, 1966

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed November 2, 1966

*Richardson & Calbeck* for plaintiffs.

*W. Edson McKee* for defendant.

**Per Curiam.** This litigation was commenced by a writ dated June 21, 1962 returnable before the Caledonia County Court. The plaintiffs therein alleged that they were defrauded by the defendant who contracted to sell them a farm, with certain personal property thereon, located in Newark, County of Caledonia, State of Vermont.

The case was continued from time to time and on motion of the plaintiffs the defendant was adjudged in default by the trial court on September 8, 1965.

A hearing was subsequently held on assessment of damages. Findings of fact were filed on January 5, 1966. On January 10, 1966, a judgment order was issued by the court against the defendant in the sum of $10,946.87, together with interest from January 5, 1966. No appeal was taken by the defendant from this judgment.

By virtue of the judgment, a writ of execution was issued on February 9, 1966, and as disclosed by the officer's return thereon dated May 6, 1966, the defendant's farm was sold April 30, 1966. Under an alias execution issued May 6, 1966, certain farming tools and farming implements of the defendant were sold, leaving a balance owing on the judgment of $270.72.

On May 2, 1966 the defendant filed a motion to set aside the judgment and for a new trial under the provisions of 12 V.S.A. §2353. As grounds therefor the defendant alleged that he was never notified of any hearing on the merits of the case, and was unjustly denied and deprived of an opportunity to be heard. The plaintiffs countered by an answer setting forth that the defendant had prior notice of all hearings; that defendant was represented by an attorney present at the hearings; and that if defendant was not so notified by his attorney any deprivation of the defendant to be heard on the merits of the case was due to the negligence of his attorney or attorneys. The pleadings therefore raised issues of fact for resolution.

A hearing was held on the motion to set aside on June 7, 1966. On June 9, 1966 an order was issued by the trial court by which the motion was denied. From the denial of the motion the defendant has appealed to this Court. This order is appealable within the meaning of 12 V.S.A. §2385. See, *Wellington* v. *Wellington*, 124 Vt. 401, 205 A.2d 568.

The record reveals that no findings of fact were reduced to writing on which the above order was predicated. Nor, does it appear that they were waived. The mandatory requirement for findings of fact, unless waived, is found in §2385, *supra*, which in part reads:

"All facts found by any tribunal in actions or proceedings tried without a jury upon which an appealable judgment, order, decree or determination is rendered, shall be reduced to writing, unless waived by all parties, and shall be signed by a majority of the members of the court or the presiding officer and filed. . . ."

In *Miskelly* v. *Miskelly*, 124 Vt. 470, 471, 207 A.2d 153, we held that under §2385, *supra*, it was the duty of the trial court ". . . . to find and state the facts, unless findings are expressly waived. The litigants were entitled to it. The statute demands it. Until this requirement is fulfilled the judgment has no legal basis." *Lash Furniture Co.* v. *Norton*, 123 Vt. 226, 228, 185 A.2d 734.

The order dated June 9, 1966 denying the motion to set aside the judgment and grant a new trial must be vacated and the cause remanded for findings of fact, and a new order.

Purporting to seek relief under the provision of 12 V.S.A. §2363, the defendant filed in this Court on October 18, 1966 a motion for a stay of proceedings on the judgment dated January 10, 1966.

The motion calls attention to the fact that real estate of the defendant was sold on execution April 30, 1966 and that under the provisions of 12 V.S.A. §2796 the period within which he may redeem expires October 30, 1966. As stated in this opinion only $270.72 remains unsatisfied on the judgment to which the motion is addressed. In effect, he seeks an extension of the period of redemption. The record reveals no sound basis on which the motion should be granted. The motion for a stay of proceedings on the judgment is denied.

*The order dated June 9, 1966 denying the motion to set aside the judgment and grant a new trial is vacated. Cause remanded for findings of fact, and a new order. The motion for a stay of proceedings on the judgment dated January 10, 1966 is denied.*