# Town of Chester v. Frank Drake and Iva Drake

[ 236 A.2d 664 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 5, 1967

*Whitcomb, Clark & Moeser* for the plaintiff.

*Kissell & Kissell* for the defendants.

**Shangraw, J.** This is an action brought by the Town of Chester against the defendants seeking to recover of them for sums expended by the Town of Westminster for hospitalization and doctor's services rendered defendant, Iva Drake, and later reimbursed to the Town of Westminster by the plaintiff.

Defendants filed a motion to dismiss the action which was denied. The case was tried by court, findings of fact filed, and judgment entered in favor of the defendants. The plaintiff has appealed.

In this suit plaintiff declared under the common counts and filed the following specification of its claim:

"December 30, 1963—To paid to the Town of Westminster, Vermont on behalf of Frank and Eva Drake to reimburse the said Town of Westminster for hospitalization and medical care furnished to Iva Drake by the Rockingham Hospital and Dr. Sanctuary . . . . . . . . . . . . . . $1,925.27"

The authority under which plaintiff seeks recovery, is found in 33 V.S.A. §991 which reads:

"Whenever a poor or transient person who has been relieved by a town under the provisions of this chapter owns, or thereafter acquires, real or personal property, or an interest therein, or becomes employed, the town so relieving such person may recover against him the amount it has expended for such relief in an action on this statute in the name of such town or, if he is deceased, such expense shall be allowed as a claim against his estate. If the state has reimbursed a town under the provisions of this chapter, the state may likewise recover against him the amount it has reimbursed such town for such relief in an action on this statute in the name of the state, such action to be brought in the town wherein such person was relieved or if he is deceased, such expense shall be allowed as a claim against his estate. However, all statutory exemptions shall apply. In any such action, the statute of limitations shall not avail as a defense."

Although the action was brought on the common counts, all are agreed that the plaintiff's right to recovery is founded on section 991,

*supra.* This is the theory upon which the case was presented, with acquiescence of the parties and the trial court.

The defendants, in their motion to dismiss, assert that no cause of action exists against them in favor of the plaintiff, and more particularly against the defendant Frank Drake.

Following argument on the motion decision was reserved by the trial court. The court proceeded to hear the case on its merits and at the conclusion of the plaintiff's evidence the motion was denied. The denial of this motion was not a final judgment. The defendants did not seek permission to appeal from this ruling under the provisions of 12 V.S.A. §2386, but on the contrary proceeded to introduce evidence and complete the trial on the merits of the case. By proceeding to trial on the merits the defendants' motion to dismiss was waived. *Sears* v. *Laberge,* 116 Vt. 168, 169, 71 A.2d 687; *Frederick* v. *Gay's Express,* 111 Vt. 411, 17 A.2d 248; *Bemis* v. *Aldrich,* 102 Vt. 277, 278, 147 A. 693.

The defendants, husband and wife, were residents of the Town of Chester from 1958 to 1963. During this period they owned and occupied their home in the plaintiff town. In the year 1963 each had a settlement in Chester.

During the first six months of 1963 the defendants moved to the Town of Westminster where they lived with relatives. In the early part of July 1963, and after moving to Westminster, the defendant Iva Drake was taken ill and entered the Rockingham Hospital in Bellows Falls, Vermont. The lower court found that at the time Mrs. Drake was admitted to the hospital she was a transient person in need of assistance and relief. The cost of her medical and hospital care while in the hospital was $1,975.27.

By notice dated July 16, 1963 the Town of Westminster notified the plaintiff that on July 4, 1963 the defendant Iva Drake, wife of defendant Frank Drake, having a settlement in the Town of Chester, had made application for assistance from the Town of Westminster by reason of hospitalization, and that Westminster would look to the plaintiff for reimbursement of any expense incurred by it on behalf of Mrs. Drake.

On December 30, 1963, the plaintiff reimbursed the Town of Westminster for the above expense. This action was commenced by the plaintiff on January 22, 1964, by attaching the property then owned

and formerly occupied by them in Chester. The property was subsequently sold in 1965. The purchase price was $1,600.00. After paying a real estate broker's commission of $100.00, the balance in the amount of $1,500.00 was paid to the State Welfare Department in satisfaction of a pre-existing lien on the property. None of the proceeds of the sale were received by the defendants.

At common law, and in the absence of a special statute, an aged indigent was not legally obligated to reimburse a public agency for relief legitimately furnished him in time of need. 41 Am.Jur., Poor and Poor Laws, section 44. See also Annotation, 29 A.L.R.2d 733 *et seq.*

The legislative purpose in enacting section 991, *supra,* was to allow reimbursement from the recipient of public assistance where his financial circumstances warrant such restitution. The liability imposed by this provision of the statute is founded on the financial ability of the person who has received the assistance and his capacity to refund the town's expenses incurred in his behalf. Compare, *Town of Bennington* v. *Telford,* 119 Vt. 397, 403, 127 A.2d 275.

In the absence of gainful employment, recovery under the provisions of section 991, *supra,* depends upon the ownership of an interest in real or personal estate by the person sought to be charged. Consistent with the purpose of this statute, we consider this to be a beneficial ownership of a pecuniary interest in the resources upon which the town claims its right to reimbursement. To this end, it was material and important for the court to receive evidence concerning the defendants' property in Chester, its subsequent sale and final disposition made of the proceeds of the transaction. It is clear from the findings that defendants' home in Chester was totally encumbered by the lien in favor of the State of Vermont for old age assistance. All of these facts were properly considered and reported by the court in its findings.

In its findings the court went on to state that the defendant Frank Drake is 77 years of age, unable to pursue gainful employment, and that his only income is a monthly social security payment of $89.00. It further continued by finding,

"21. The Court is unable to find by the required measure of proof that the defendants owned or have acquired personal prop-

erty, real estate, or that they have acquired or own an interest in either, or that they have been employed or that they are physically able to work, or that they have been employed since relief and assistance was furnished defendant Iva by the Town of Westminster.

"24. The defendants are aged, poor, ill, destitute, and have been since the fall of 1963. They have no funds or property with which to reimburse the plaintiff town and have not had at any time material herein."

On the strength of the undisputed facts the defendant, Frank Drake, is not liable under the provisions of section 991, *supra,* since he was not the person who received the assistance under consideration.

The proceeds derived from the sale of the Chester property were entirely utilized in the discharge of the lien against this property in favor of the State Welfare Department. From the findings it follows that defendant, Iva Drake, is unemployed and does not possess property, or an interest therein, to reimburse plaintiff in this action. The judgment in her favor must be affirmed.

In its brief the plaintiff makes complaint relative to certain findings of fact. Such claimed assignments of error are either of no consequence, or without evidentiary support. A further discussion of the foregoing would serve no useful purpose.

Plaintiff has failed to call to our attention any factors which would justify a reversal, or a judgment in its favor.

*Judgment affirmed.*