## John Sidney Allen v. Robert G. Smith, Warden

[ 237 A.2d 354 ]

October Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 19, 1967

*Peter Forbes Langrock* for petitioner.

*Alan W. Cheever,* Assistant Attorney General, for the State.

**Smith, J.** The petitioner seeks his release from the House of Correction at Windsor, Vermont, by this writ of *habeas corpus* directed

to Robert G. Smith, the Warden of said institution. The petitioner is now confined in the House of Correction by virtue of a mittimus from the Clerk of the Addison County Court for a term of not less than one year, or more than two years for contempt of the Addison County Court, issued on October 27, 1967.

On March 3, 1965, a divorce libel was filed in the Addison County Court by Stella B. Allen against John Allen, the petitioner here. On January 17, 1966, the Addison County Court issued a Decree of Divorce in the above cause which provided, among other things, that this petitioner should pay the sum of $25.00 per week for the support of his minor children.

On September 6, 1967, the libellant in the divorce action filed a petition for contempt in the Addison County Court alleging that the petitioner was in arrears on his support payment. Hearing was held by the Addison County Court on the contempt petition on September 26, 1967, and on the next day an order issued from the Addison County Court in which the petitioner was found to be in arrears on his support payments and finding the petitioner in contempt of court.

After a finding as to the amounts then due from the petitioner in support payments and fees, the order directed the petitioner to make payments of $35.00 per week to the law office of Conley and Foote in Middlebury. The order further provided that "in the event that said payments are not made as ordered and upon an affidavit to that effect being filed with the Clerk of this Court, the Clerk because of such contempt in arrears shall issue a mittimus confining the said John Allen to a term of not less than one year or more than two years in the House of Correction at Windsor."

On October 27, a month after the issuance of the order, an affidavit was filed with the clerk of the Addison County Court by the attorneys for the libelant in the divorce case, alleging that the petitioner had failed to comply with the order. Upon the filing of the affidavit, and on the same day, a mittimus was issued by the clerk of the Addison County Court, committing the petitioner to the House of Correction for a term of not less than one year or more than two years.

The action against this petitioner was for civil contempt, in that the purpose to be served was for the purpose of assuring payments of money to the complainant, and not intended as a deterrent from preventing the petitioner here to committing offenses against the public. *Nye* v. *United States,* 313 U.S. 33, 61 S.Ct. 810, 85 L.Ed. 1172.

548

■ The commitment of one found in contempt of a court order only until the contemnor shall have purged himself of such contempt by complying with the order is a decisive characteristic of civil contempt. *Maggio* v. *Zeitz*, 333 U.S. 56, 68 S.Ct. 401, 92 L.Ed. 476. As we have previously noted, no opportunity is granted under the mittimus here to allow the petitioner to purge himself of the contempt for which he is incarcerated.

■ Moreover, the court here, upon finding that contempt did exist on the part of this defendant, made a new order of payment for support, including payments on amounts in arrearage. The order then provided that upon an affidavit of noncompliance with the terms of the new order being filed by the attorneys for the plaintiff with the clerk of the court, a mittimus should issue forthwith to imprison the defendant for the term specified in the order finding contempt. The result is a determination of fact upon whether or not there has been a noncompliance with the new order on the part of the defendant without a hearing. No opportunity was given the defendant to be present with counsel to be heard on the matter, or to examine and cross-examine witnesses. When the issuance of a mittimus is conditioned upon the happening of an out-of-court event, the contemnor is entitled to be heard on the facts relating to this event.

*It is adjudged that the said John Sidney Allen is improperly restrained in the House of Correction at Windsor, Vermont, and he is discharged therefrom.*