## Elmo Sidney Martin v. Roberta McDermott Martin

[ 248 A.2d 723 ]

October Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

*John A. Lowery, Esq.,* for Libellant.

*Divoll & Buckley* for the Libellee.

**Shangraw, J.** The only issue before us is that of the custody of two minor children, Lonnie D. and Jamie A. Martin.

Libellant filed a petition for divorce on July 25, 1967. Libellee entered her appearance and filed a cross-bill. Each party sought a divorce and custody of the above children.

On May 15, 1968 a stipulation, signed by the parties, was filed in the Windsor County Court agreeing and requesting that the care, custody and control of the children be awarded to Mrs. Flora Mc-Dermott, the maternal grandmother.

A hearing was held on libellant's petition on May 15, 1968. A decree of divorce was granted the libellant by the Windsor County Court under date of May 24, 1968. Libellee's cross-petition was dismissed for lack of prosecution. Attorneys representing each party were

present during the hearing. Libellee's attorney took no active part in the proceedings. The propriety of libellant's divorce is not in question.

At the conclusion of the hearing the libellant's attorney waived findings of fact. Libellee's attorney, although present, made no comment. No findings of fact were made by the court.

By paragraph 2 of the decree, the care, custody and control of the two minor children was awarded to the libellant, notwithstanding the stipulation. It is from this portion of the decree that the libellee, Roberta McDermott Martin, has appealed.

Evidence was introduced that on divers periods the children had lived with the grandmother. They were living at her home at the time of hearing. There was further evidence that she was a suitable person to whom custody should be awarded.

While the libellant requested custody of the minor children in his petition, this request was not urged by him during the hearing. On the contrary, he testified that his mother-in-law, Mrs. McDermott was a "proper person to have custody of them" and had stipulated that she be awarded their custody.

On appeal, it is the libellee's contention that not until the proposed decree was submitted to her attorney for approval was she, or her attorney, forewarned that the terms of the stipulation were not to be followed by the court. It is also urged that the custodial aspects of the decretal order are not supported by the evidence.

■ At the outset it is well settled that the welfare of a child, in the last analysis, is determinative in a custody matter. *McKinney* v. *Kelley,* 120 Vt. 299, 302, 141 A.2d 660; *Miller* v. *Miller,* 124 Vt. 76, 81, 197 A.2d 488.

■ We are also mindful of the discretionary latitude afforded a trial court in such matters. Such orders are not disturbed unless an abuse of judicial discretion appears. *McKinney* v. *Kelley, supra,* 302, 303, 141 A.2d 660; *Loeb* v. *Loeb,* 118 Vt. 472, 492, 114 A.2d 518.

■ It is equally true that in a divorce action a court is not bound in making its decree to conform to a stipulation between the parties. *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786.

■■ Notwithstanding the foregoing principles, the right to be heard in person, or by counsel, in defense of parental rights is a sacred legal right and ought not to be denied. *Ward* v. *Ward,* 70 Vt. 430, 433, 41 A. 435. Here, the stipulation relating to the custody of the minor

children was rejected by the trial court. Having done so, fundamental fairness required that each of the parties had a right, on due notice, to be heard. No such opportunity was afforded the libellee.

 Furthermore, in the absence of a waiver of findings by the libellee, it then became the duty of the trial court to find and state the facts as required under the provisions of 12 V.S.A. §2385. *Lash Furniture Co. of Barre, Inc.* v. *Norton,* 123 Vt. 226, 185 A.2d 734; *Miskelly* v. *Miskelly,* 124 Vt. 470, 471, 207 A.2d 153. This statutory mandate was not complied with.

Error appears. There must be a remand on the custodial issue for reasons set forth in this opinion. There is no occasion to further refer to the evidentiary aspects of the case.

*Paragraph 2 of the Divorce Order relating to the custody of the minor children is vacated. Cause remanded for further proceedings consistent with the views expressed in this opinion.*