## Ruth M. Frink v. Neil T. Frink

[266 A.2d 820]

No. 135-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

*Ruth M. Frink, pro se.*

*Langrock & Sperry*, Middlebury, with *Marshall H. Eddy*, Middlebury, on the brief, for Defendant.

**Smith, J.** The libellant was granted a divorce from the libellee in the Chittenden County Court. The parties entered into a stipulation agreeing on such matters as the division of the property of the couple, the custody of the four minor children of the parties, and also containing a provision that the libellant would assume the care and support of the children of the parties, and that the libellee would not be held responsible for such expense.

In making its findings of fact and order in connection with the cause between the parties, the lower court included in the findings and the order all the stipulations made by the parties in their agreement except upon the matter of the support of the minor children. On the matter of the support of the minor children, the court refused to follow the terms of the stipulation and ordered the libellee to pay to the libellant for the care and support of the minor children of the parties the sum of $30.00 per week. After the order was filed, the libellee moved the court to vacate the order and grant a new hear-

ing. The court, in its discretion, denied the motion. The sole question presented here by the libellee is whether the trial court was bound to honor the provisions in the stipulation filed by the parties regarding support payments in view of the property settlements made between the parties by the terms of the stipulation.

By the terms of the stipulation, which were embodied in the findings of fact of the lower court, the libellee is to deed to the libellant all of his interest owned jointly by the parties in Burlington and Bristol, Vermont. The property in Burlington, in which the libellant and three of the minor children reside, was purchased by them for $17,500.00, upon which property there is a mortgage of $15,000.00, which, by the stipulation and court order, is to be assumed by the libellant. The property in Bristol, owned jointly by the parties, was also decreed to the libellant, except that a portion of this having already been sold, the sales proceeds of between $2,000 and $3,000 was to be paid to the libellant. The ages of the four children of the parties ranged from twenty to twelve, with the twenty-year old boy now a student at college.

■ The record of the case before us is that both parties were represented at the hearing by competent counsel. The libellant was present in the courtroom and the libellee, while not physically present in the court room, was apparently within calling distance of his counsel. On two different occasions during the hearing, the presiding judge of the court below indicated his dissatisfaction with that portion of the stipulation which relieved the libellee of all future support of his minor children. It was the presiding judge's clearly expressed opinion that he believed that fathers should be compelled to pay for the support of their minor children, and he cited the case of *Martin* v. *Martin,* 127 Vt. 313, 248 A.2d 723 in support of his expressed opinion. Also stated by the presiding judge, as shown by the record, was that he was giving notice to the parties that he would receive evidence on this particular phase of the case before him. No evidence on this part of the case was produced by the libellee, whose interest it was to protect the support terms of the stipulation, and upon whom rested the burden of proof of the reasonableness of the stipulation after the expressed attitude of the lower court on this matter.

The position of the libellee here is that the parties, having made a valid contract between them, were bound by the stipulation so made, and that the court should also have been bound by such contract. While libellee does admit that *Martin* v. *Martin (supra)* is authority for a court to determine the custody of children, regardless of any stipulation made between the parties, that such authority does not extend to departing from the terms of the stipulation in regard to the awarding of the support money.

In support of this position, the libellee has cited to us numerous cases from other jurisdictions, particularly, the case of *Galusha* v. *Galusha,* 116 N.Y. 635, 22 N.E. 114. All of such cases have to do with the awarding of alimony or support money for the wife. The general holding of the cited cases is that a court cannot change the terms of a stipulation between a husband and wife relative to the support money or alimony to be furnished by the husband to the wife for her own support. While such cases are not material to the question before us, which is as to the authority of the court to make an order for the support of the minor children of the parties contrary to the terms of a stipulation, and not as to its authority to make an order contrary to a stipulation relative to alimony, we would note that *Hall* v. *Hall,* 124 Vt. 410, 412, 206 A.2d 786, indicates that in Vermont, courts may also make an order regarding alimony contrary to the terms of a stipulation between the parties.

In a divorce action, the welfare of the children of the broken marriage is a primary concern of the court.

> "The protection and safeguard of children uprooted by parental discord and divorce are a prime concern of the law." *Miller* v. *Miller,* 124 Vt. 76, 79, 197 A.2d 488.

We recently held that in a divorce action, the court is not bound in making its decree to conform to a stipulation between the parties. *Martin* v. *Martin, supra,* at p. 314.

This brings us to the question of whether the order in the cause before us is supported by the findings. One finding of fact made by the lower court, not excepted to, was that the libellee "although physically able to work, mentally does not desire to do so."

It was the duty and first obligation of the lower court to consider the welfare of the children, and upon this question the court was not bound by any agreement made between the parties. The findings of fact that only a comparatively small amount of money under the terms of the stipulation would be received by the libellant for the support of four children, three of whom would require support and care for a long period of time; the real estate which was to become the property of the libellant by virtue of the stipulation was heavily encumbered and would require substantial future outlays of money on the part of the libellant to retain it as a home for her children—all such facts substantially support the order of the court that the father of the children should make payments of $30.00 per week to the libellant to be used for their continued support. The court, having made expressly clear at the original divorce hearing that it was dissatisfied with the terms of the stipulation for the support of the children, and having requested further evidence upon this question at that time, which was not supplied, we find no abuse of discretion in the denial of the court of the libellee's motion, following the order and findings, to vacate the order and grant a new hearing.

*Order affirmed.*