## Patricia Kingsbury v. Robert E. Kingsbury

[407 A.2d 512]

No. 190-78

Present: Barney, C.J., Daley, Larrow and Hill, JJ., and Smith, J. (Ret.), Specially Assigned

Opinion Filed September 17, 1979

*Monte & Monte,* Barre, for Plaintiff.

*David M. Gearin* of *Latham, Eastman, Schweyer & Tetzlaff,* Burlington, for Defendant.

**Hill, J.** The defendant appeals from an order of the Washington Superior Court denying his requests for relief from a modified divorce order and finding him in contempt for

(1) his failure to abide by the terms of that order, although having the ability to do so, and (2) failing, without justification, to obey a separate order of the court that required him to comply with several discovery requests filed by the plaintiff. The order appealed from also provides that the defendant may purge himself of contempt by paying to the . Clerk of the Washington Superior Court, within thirty days, the sum of $800.00, and it requires him to make payment to the plaintiff for child support arrearages, her discovery expenses, including attorney's fees, and sums owed in connection with a property settlement involving real estate owned by the parties during their marriage. We affirm.

The parties were divorced by order of the Washington Superior Court on June 5, 1968. Custody of their two minor sons was awarded to the plaintiff, and the defendant was ordered to pay $60.00 per week in child support. Real estate located in Waitsfield, Vermont, and belonging to the parties was awarded to the plaintiff and her children "jointly with rights of survivorship."

Before this order became final, the plaintiff and her children moved to Utah, where they have resided ever since. Shortly after moving, she served a petition to modify on the defendant. The petition was accompanied by a stipulation for modification. On April 21, 1969, he accepted in hand service of the petition and executed the stipulation. On May 7, 1969, the plaintiff filed the petition with the superior court so that the original order could be modified in accordance therewith.

By the terms of the stipulation, the real estate located in Waitsfield was to be awarded to the defendant "free and clear of any marital lien," and, in return, he agreed to pay $6,000.00 to the plaintiff in annual installments of $1,500.00 each. The defendant also agreed to pay $1,000.00 in total settlement of any arrearages then due to the plaintiff, and his child support obligation was to be reduced to twenty dollars per week commencing with the first week of March, 1969.

An order embodying this stipulation was placed in the superior court's file pending a hearing on the petition to modify, but no hearing was held, and the order was never issued. An identical order was issued, however, nearly eight years later

on March 2, 1977. No notice of the plaintiff's request that such an order be issued was sent to the defendant, and no hearing was held prior to its issuance. It was served on the defendant on March 20, 1977. He took no appeal.[1]

On June 3, 1977, the plaintiff filed a motion to find the defendant in contempt of the modified order, alleging that he failed to comply with it in every respect. In connection with this, she filed several discovery requests, including interrogatories and a request for the production of documents. Following the defendant's failure to reply within the required time periods, the plaintiff filed a motion under V.R.C.P. 37 (a) to compel discovery. A hearing on this motion was held on October 14, 1977. The motion was granted, and the defendant was given until November 4, 1977, to comply.

At a hearing held subsequent to the November 4th deadline, it was determined that the defendant had not complied with the discovery order. The court found that there was no valid reason for the defendant's noncompliance, advised the plaintiff that she could file a motion under V.R.C.P. 37 (b) to impose sanctions on the defendant for his conduct, and continued the final hearing on her original motion for contempt to February 21, 1978. A motion to impose sanctions was filed on January 9, 1978, which included a request that the court find the defendant in contempt of its discovery order.

On February 6, 1978, the defendant filed a motion under V.R.C.P. 60 (b) (4) for relief from the order of March 2, 1977, modifying the original divorce decree. In support of the motion, he argued that as modified the order was void because it was obtained absent compliance with the service and hearing requirements of V.R.C.P. 80 (j). The superior court rejected this claim. It made findings and entered an order adjudging the defendant in contempt for failing to make the support payments required by the modified divorce order and for not complying with its separate order to abide by the plaintiff's discovery requests. With respect to this latter contempt, the court again found that the defendant failed to offer a valid reason for his noncompliance. The defendant

---

[1] The impact of this modification on any rights the children may have acquired under the original divorce order is not the subject of this appeal, and we express no view thereon.

filed a timely motion to amend the judgment, reiterating his claim that the modified divorce order was void because V.R.C.P. 80(j) was not complied with. The superior court rejected the claim for a second time, although it did grant an unrelated portion of the motion.

I.

The defendant's first claim is that the trial court erred in denying his requests for relief from the modified divorce order because it is jurisdictionally defective. We disagree.

 We agree with the defendant that a judgment rendered without notice is no judgment at all and that, before the superior court can act on a petition to modify, the respondent must be accorded notice and an opportunity to be heard. V.R.C.P. 80(j) provides that "[a]ny proceedings for modification or enforcement of the judgment in an action for divorce shall be on motion, a copy of which together with notice of hearing thereof shall be served upon the party himself whether he be within the state or not, either (i) by delivery in hand or (ii) by registered or certified mail, return receipt requested, with instructions to deliver to addressee only." Of course, Rule 80(j) was not in effect when this petition to modify was filed with the court, but its predecessor, 15 V.S.A. § 758, required "due notice."[2] We cannot agree with the defendant, however, that this requirement was not met in the instant proceedings. The petition to modify was served on him by delivery in hand. At that time, he had notice that judicial proceedings affecting his rights were about to be instituted. He was fully entitled to contest the validity of the petition to modify, but rather than do so he consented to modification of the order in accordance with the stipulation he executed and, to that extent, relinquished the right to be heard in opposition. Although we have held that a hearing must be accorded where the court chooses not to honor a stipulation, *Martin* v. *Martin*, 127 Vt. 313, 314–15, 248 A.2d 723, 724 (1968), there is no need for a hearing where the court abides by the agreement of the parties, at

---

[2] Only the procedural provisions of 15 V.S.A. § 758 have been superseded by Rule 80(j). See Reporter's Notes, V.R.C.P. 80(j), at 206.

least where, as here, the stipulation recites facts constituting a substantial change in material circumstances and does not appear to be the product of overreaching or unconscionable advantage. See *Strope* v. *Strope*, 131 Vt. 210, 216–19, 303 A.2d 805, 809–11 (1973); *Braine* v. *Braine*, 127 Vt. 211, 213–14, 243 A.2d 797, 799–800 (1968).

This is not to say that entering the judgment order some eight years after the filing of the petition to modify was proper, but only that it does not constitute a jurisdictional defect that would entitle the defendant to attack it in this enforcement proceeding, *i.e.*, collaterally. See *Town of Putney* v. *Town of Brookline*, 126 Vt. 194, 200–02, 225 A.2d 388, 392–93 (1967). And the fact that a hearing on the petition to modify originally was contemplated does not entitle the defendant to a hearing in any jurisdictional sense. These claims should have been raised directly by appeal when he received service of the modified order.

## II.

The defendant also contends that the superior court erred by holding him in contempt of its discovery order because he was not ordered to show cause and thereby was denied notice and opportunity to be heard on the issue. We disagree.

V.R.C.P. 37(a) provides in part that "[a] party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery." Once such an order is issued, the court may treat a failure to comply "as a contempt of court," unless the order is for a physical or mental examination under V.R.C.P. 35. V.R.C.P. 37(b)(2)(D).

In this case, the plaintiff filed a motion under Rule 37(a) to compel discovery, and such an order was issued after reasonable notice to the defendant. Following his noncompliance, the plaintiff filed a motion to impose sanctions under Rule 37(b), which included a request that the "Court find the defendant guilty of contempt of court." This motion was served on the defendant's attorney, and his attorney appeared at the February 21st hearing where all pending motions were disposed of. At that hearing, the burden was on

the defendant to explain his noncompliance. *Spabile* v. *Hunt,* 134 Vt. 332, 335, 360 A.2d 51, 52 (1976). He did not dispute his ability to comply with the order, and he did not explain the failure to do so. That constitutes a sufficient basis for finding him in contempt. *Id.;* V.R.C.P. 37(b)(2)(D). Any contention that he did not have fair notice and an opportunity to be heard simply ignores the reality of the situation presented by the record and is untenable.

## III.

Finally, the defendant objects to the following provisions of the superior court's order.

> Upon failure to make the payment [required to purge himself of contempt], the defendant shall stand committed to the custody of the Commissioner of Corrections for a period of 30 days. Mittimus to be issued by the Washington County Clerk.

Noting that the issuance of the mittimus is conditional on the happening of an out of court event, he claims that he must be given an independent hearing concerning the performance of that even before the mittimus may issue. See *Allen* v. *Smith,* 126 Vt. 546, 548, 237 A.2d 354, 355 (1967).

As the defendant recognizes, issuance of the mittimus is contingent on the happening of a future event that is not certain to occur. To discuss the point raised would be to render an advisory opinion, and this Court lacks the power to do so. *In re Constitutionality of House Bill 88,* 115 Vt. 524, 529–30, 64 A.2d 169, 172 (1949).

*Affirmed.*