# Vera Plante v. Ernest Plante

[531 A.2d 926]

No. 86-087

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.), Specially Assigned

Opinion Filed July 10, 1987

*Valerie White*, Morrisville, for Plaintiff-Appellant.

*Valsangiacomo, Detora, McQuesten, Rose & Grearson*, Barre, for Defendant-Appellee.

**Hill, J.** The plaintiff-appellant, Vera Plante, obtained a divorce from the defendant-appellee on the ground that the parties lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. 15 V.S.A. § 551(7). The trial court made findings of fact, decreed the disposition of property, 15 V.S.A. § 751, and decreed custody of both of the parties' children, a son aged 16 and a daughter aged 14, to the defendant. 15 V.S.A. § 652.[1] The court also granted visitation rights to the plaintiff "as permitted by the father and at such times, duration and place as he directs."

The plaintiff appeals the property disposition, the award of custody of the parties' daughter, the visitation provision, and the provision of the decree requiring the parties to reimburse the State of Vermont for welfare payments made to the plaintiff on account of her financial status subsequent to the separation. We affirm in part, reverse in part, and remand for further proceedings.

## I.

Since the parties separated in January, 1984, their daughter has resided continually with the plaintiff, and their son has remained with the defendant on the family farm in Morrisville. Plaintiff argues that the parties were in agreement, at the time of the hearing on the merits, that this custody arrangement should continue following the divorce. Plaintiff maintains that little or no evidence was introduced on the issues of custody and visitation by either party because of the existence of this agreement. Relying on *Martin* v. *Martin*, 127 Vt. 313, 314-15, 248 A.2d 723, 724 (1968), plaintiff argues that it was error for the court to grant custody of both children and unlimited discretion over visitation to the defendant without first giving notice to the parties of the court's opposition to the agreement on custody and visitation, and an opportunity to be heard on this issue. Defendant responds

---

[1] While it was in effect at the time of the hearing, we note that § 652 was repealed in 1986, 1985, No. 181 (Adj. Sess.), § 10, as part of comprehensive legislative reform of the law relating to child custody in divorce proceedings. See 15 V.S.A. §§ 664-670.

that the *Martin* case is inapposite because there is no evidence in the record of any formal stipulation between the parties regarding custody and visitation, and because the trial court was prohibited by 15 V.S.A. § 652(b)[2] from considering evidence relating to custody except as received in open court pursuant to the rules of evidence.

■ The defendant's attempt to distinguish *Martin* is a classic example of the exaltation of form over substance. While there was in fact no formal stipulation entered into the record here as was the case in *Martin*, it is clear from the record that the parties had reached an agreement, and more importantly, that the court was aware of this agreement. The defendant submitted proposed findings of fact to the court which stated in effect that the parties had agreed to a continuation of the existing custody arrangement, and the plaintiff adopted these findings. In addition, the court stated in its conclusion of law No. 4 that "[t]he Court understands that the parents are content with the current living arrangements . . . ." It is clear from the record that the parties, relying on their custody and visitation agreement, which had been communicated to the court, albeit informally, did not treat these issues as contested and understandably did not introduce evidence expressly directed to these issues.

Under the circumstances, although the court is not bound by an agreement of the parties relative to custody, *Barbour* v. *Barbour*, 146 Vt. 506, 508-09, 505 A.2d 1217, 1219 (1986), it must give notice to the parties of its rejection of an agreement so that they may make a meaningful evidentiary presentation on this issue. *Martin*, 127 Vt. at 314-15, 248 A.2d at 724. Otherwise, the "sacred legal right" to be heard in defense of parental rights may be denied. *Id.* at 314, 248 A.2d at 724.[3]

Accordingly, the portion of the court's order dealing with custody and visitation is reversed, and the matter is remanded for further proceedings on these issues.

---

[2] 15 V.S.A. § 652(b) provided that: "The court shall not consider evidence relating to an issue of custody except such as is received in open court pursuant to the rules of evidence."

[3] Contrary to defendant's argument, 15 V.S.A. § 652(b) was no bar to the court's consideration of the proposed findings of fact on the question of the existence of an agreement relative to custody and visitation. Proposed findings are not "evidence"; they are the parties' respective interpretation of the evidence which the court may accept or reject.

## II.

Plaintiff's next argument is that the trial court abused its discretion in dividing the property.

Plaintiff first challenges as unsupported by the evidence the court's finding that none of the income produced by plaintiff's florist business ever "found its way back into the home." There was testimony by both defendant and plaintiff that some income from the florist business was used on occasion for miscellaneous household expenses. Thus, the court's finding was clearly erroneous.

Nevertheless, an erroneous nonessential finding does not require reversal of the court's property disposition. *Raymond* v. *Raymond*, 120 Vt. 87, 93, 132 A.2d 427, 431 (1957). The division of property in a divorce proceeding "is not an exact science," *Hogel* v. *Hogel*, 136 Vt. 195, 197, 388 A.2d 369, 370 (1978), and one party's contribution of property to the marriage is only one of numerous factors to be considered in distributing property under 15 V.S.A. § 751. At best, the evidence on this point was that plaintiff made minor financial contributions to the marriage from her business income. Given the existence of the other evidence in the record to support the property distribution, plaintiff has failed to demonstrate how she was prejudiced by this finding. V.R.C.P. 61.

Plaintiff's remaining arguments with respect to the property disposition both relate to the respective merits of the parties. Plaintiff first challenges the court's failure to find that defendant physically abused plaintiff. Plaintiff testified about two incidents when defendant struck her which occurred 25-30 years ago. She also testified about two other minor incidents within the last five years, but defendant specifically denied striking plaintiff on these occasions. Defendant denied ever striking plaintiff, but did testify that he "grabbed onto her before," about ten to twelve years ago.

The trial court is the sole judge of the weight to be given testimony and the credibility of witnesses. *Pacquin* v. *Pacquin*, 125 Vt. 243, 246, 214 A.2d 90, 94 (1965). Since there was conflicting evidence, and because plaintiff's own testimony, even if accepted, related to remote or relatively minor incidents, we find no error in the failure of the court to make a finding on this point. *Id.*

In addition, plaintiff challenges the court's finding that the merits of the case were in defendant's favor. Essentially, plaintiff

argues that the court's finding of fault was based exclusively on the fact that she left the marital home, a factor that cannot in and of itself justify a finding of fault under 15 V.S.A. § 751(b)(12). *Emmons* v. *Emmons*, 141 Vt. 508, 511, 450 A.2d 1113, 1115 (1982). We disagree with plaintiff's contention.

■ There was substantial evidence in the record to support the court's finding of infidelity on the plaintiff's part during the latter part of the marriage. As we stated in *Daitchman* v. *Daitchman*, 145 Vt. 145, 151, 483 A.2d 270, 274 (1984): "[15 V.S.A. § 751(b)(12)] is designed to call the court's attention to the fact that the award should take into account the equities as measured in connection with the parties' conduct during coverture." The court's finding of fault was adequately supported by the evidence, and the court's consideration of the merits of the parties in distributing the marital estate was without error.

## III.

In paragraphs eleven and twelve of the decree, the court ordered the parties to reimburse the state for welfare payments made to the mother for the benefit of their daughter following separation. Both parties challenge this part of the decree.

■ The trial court cited no statutory authority for its reimbursement order, and our research has not disclosed any. Accordingly, that portion of the decree must be vacated. Cf. *Town of Chester* v. *Drake*, 126 Vt. 472, 475, 236 A.2d 664, 667 (1967) ("At common law, and in the absence of a special statute, an aged indigent [is] not legally obligated to reimburse a public agency for relief legitimately furnished him in time of need.").

*Paragraphs 11 and 12 of the divorce decree relating to reimbursement of welfare payments are vacated. Paragraphs 8 and 9 relating to custody and visitation are vacated, and the matter is remanded for further proceedings on these issues. The decree is in all other respects affirmed.*