**Jane K. MILLS v. Wayne G. MILLS**

[702 A.2d 79]

No. 96-160

---

July 30, 1997. Plaintiff Jane Mills sued for a divorce in December 1993 and obtained a final order of divorce in March 1996. Defendant Wayne Mills contests (1) the valuation of the marital residence, (2) the authenticity of his tone of voice on re-recorded tapes, (3) the exclusion of plaintiff's future legal services from the property distribution, and (4) twenty-six of the court's 100 findings of fact. We affirm.

Defendant first claims that the appraisal of the marital residence offered by plaintiff's expert was flawed and the court erred in relying on it. We will affirm the court's findings of fact in a property distribution unless they are clearly erroneous. *Gazo v. Gazo*, 166 Vt. 434, 446, 697 A.2d 342, 349 (1997). The trial court has wide discretion to assess the credibility of

witnesses and to weigh the evidence before it, including the testimony of experts. *Kanaan v. Kanaan*, 163 Vt. 402, 407, 659 A.2d 128, 132 (1995). Here, the court chose a value within the outer limits offered by plaintiff's and defendant's experts. We find no abuse of discretion.

Defendant also claims that the court failed to value the marital residence precisely, and this failure requires that we reverse the property award. Although the trial court has broad discretion in distributing marital property, the property must be awarded "equitably." 15 V.S.A. § 751(a). We cannot review the fairness of a property division if the trial court fails to make findings concerning the value of the property. See, e.g., *Harris v. Harris*, 149 Vt. 410, 420-21, 546 A.2d 208, 215 (1988) (reversing because court failed to make findings concerning value of personal property owned by parties).

In this case, plaintiff's expert valued the house at $163,000 and defendant's expert valued it at $240,000. The court found "the [residence's] value is considerably closer to Plaintiff's suggested value than Defendant's" and concluded that the equity in the property was above $35,000. Based on an undisputed debt of $133,500, for which the property was security, these findings placed the value of the residence somewhere between $168,500 ($133,500 plus $35,000) and $202,500 (halfway between $165,000 and $240,000). The court's ability to specify a value is limited by the evidence before it, and it sometimes must use approximations. See *Kanaan*, 163 Vt. at 407-08, 659 A.2d at 132; see also *Klein v. Klein*, 150 Vt. 466, 469, 555 A.2d 382, 384 (1988) (no error in property distribution where court found that office building was worth "at least" $150,000). Further, the failure to value an asset may be considered harmless error if it does not affect the final distribution. See *Daitchman v. Daitchman*, 145 Vt. 145, 150, 483 A.2d 270, 273 (1984).

Here, the court awarded the residence to plaintiff for five reasons, the primary ones being to provide a homeplace for the children and to give plaintiff something in lieu of maintenance in light of defendant's greater earning capacity. In view of the reasons for the distribution, the absence of precision in the valuation, if error at all, was harmless.

Second, defendant claims the court improperly relied on defendant's tone of voice as recorded on plaintiff's telephone answering machine. The court considered defendant's tone of voice in deciding that defendant had attempted to achieve a property settlement by coercion. Defendant argues that plaintiff produced only a copy of the answering machine tape and that the best-evidence rule requires the introduction of the original. See V.R.E. 1002. He further argues that the copy cannot be considered a duplicate, which may be admissible in lieu of an original, see V.R.E. 1003, because there was no showing that the copying method accurately reproduced the original as required by V.R.E. 1001(4).

The best-evidence rule did not require plaintiff to introduce the original tape, nor did it require plaintiff to show that the proffered tape was a duplicate. Plaintiff testified that the original was lost, and there was no suggestion that she lost it in bad faith. In such a circumstance the original is not required, and the court may admit other evidence of the contents of the original tape. See V.R.E. 1004(1). Here, the other evidence of the contents of the original was the copy, and the court acted within its discretion in admitting it. Defendant's concern that the duplication method was not sufficiently accurate to show the tone of defendant's voice goes to weight, not admissibility.

Defendant's next claim of error is that the trial court abused its discretion when it excluded the value of plaintiff's future work as a lawyer from the property distribution. In *Klein v. Klein*, 150 Vt. at 470, 555 A.2d at 384, we observed that a "law

practice has considerable value depending on the extent to which this Court will recognize the components of its value." Given the procedural posture of that case, we declined to decide whether either goodwill or work in progress of a law practice is property subject to distribution. *Id.* at 471, 555 A.2d at 385.

We need not decide the question left open in *Klein* because the undisputed evidence showed that plaintiff had no law practice to value. Plaintiff graduated from law school in 1981 and subsequently worked for two years as a full-time associate attorney. In 1987, after the birth of the parties' second child, plaintiff began working on a contract basis for other attorneys. Since then, she has been paid on an hourly basis, she works out of the office that hires her, and she has no personal equipment or supplies. Using a capitalization-of-earnings method, defendant's expert valued plaintiff's future legal services at $240,143, but acknowledged that plaintiff's services had no independent value beyond plaintiff's ability to perform them. In light of this testimony, there was no abuse of discretion in finding that plaintiff's future legal services had no market value subject to distribution. See *Wilson v. Wilson*, 741 S.W.2d 640, 647 (Ark. 1987) (goodwill is subject to distribution only if business has value independent of particular individual); *Antolik v. Harvey*, 761 P.2d 305, 310 (Haw. Ct. App. 1988) (no goodwill where chiropractic practice was wholly dependent on skills of a particular individual); *Beasley v. Beasley*, 518 A.2d 545, 552 (Pa. Super. Ct. 1986) (sole proprietorship law practice has no goodwill because it cannot be sold). Instead, the trial court properly considered plaintiff's future income as a factor in assigning maintenance, which it declined to order. See 15 V.S.A. § 752; *Klein*, 150 Vt. at 471, 555 A.2d at 385.

Finally, defendant claims that twenty-six of the court's 100 findings of fact were unsupported by the evidence and that the court committed error in adopting verbatim some of plaintiff's requests for findings. The latter claim is clearly rejected by the applicable rules. See V.R.C.P. 52(a)(2) (court may adopt verbatim party's proposed findings); V.R.F.P. 4(a)(1) (civil rules apply to divorce). We have examined each of defendant's challenged findings and conclude that only one finding — that defendant attempted to seduce plaintiff's best friend in 1978 — is wholly unsupported. We conclude that this finding is not essential to the court's decision and that the error is harmless. See *Plante v. Plante*, 148 Vt. 234, 237, 531 A.2d 926, 928 (1987).

Two of the challenged findings draw on the record of a separate abuse-prevention proceeding filed during the pendency of the divorce action. Defendant argues that the evidence was not before the court in this action. On motion of a party or on its own motion, the court may join an abuse-prevention proceeding with a divorce proceeding. See V.R.F.P. 4(n)(2). In effect, the court did that here because it extended the abuse-prevention order in its final divorce order. Even if there was a technical failure to join the proceedings, we consider any error in using the abuse-prevention record as harmless. Defendant was a party to the abuse-prevention proceeding, was fully aware of that record, and had an opportunity to contest the court's findings.

*Affirmed.*