*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

**ENTRY ORDER**

SUPREME COURT DOCKET NO. 2013-296

FEBRUARY TERM, 2014

| | |
|---|---|
| David Berrie d/b/a David Berrie Real Estate | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Civil Division |
| | } |
| | } |
| Robin O'Neill | } DOCKET NO. 464-10-11 Wmcv |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Defendant in this broker's-commission dispute appeals pro se from a judgment in favor of plaintiff realtor. Defendant contends the evidence fails to support the judgment. We affirm.

The material facts are largely undisputed, and may be summarized as follows. In June 2011, the parties signed a marketing agreement for the sale of defendant's home in Townshend. The agreement listed the sale price of the property as $179,000, and provided, in relevant part, for the payment of a six percent commission to realtor "if, during the term of this Agreement, . . . Owner enters into an agreement for the sale or exchange of the [p]roperty and all closing contingencies to be performed by the purchaser under such agreement are satisfied." Realtor secured a buyer for the property in short order, and the parties signed a purchase and sale agreement on June 15, 2011. The purchase price was $177,000. Although realtor would have been entitled to a commission of $10,620, he agreed to reduce his commission to $9,000 because plaintiff wanted to "net" a certain amount from the sale.

The purchase and sale agreement contained a financing contingency which provided, in relevant part, that "Purchaser shall provide Seller and the real estate broker(s) . . . with written notice that this Financing Contingency has or has not been satisfied not later than August 26, 2011." The provision further stated that, in the event that the purchasers failed to provide seller "with written notice that a commitment for the necessary financing has been obtained," seller had the right to terminate the agreement.

On August 25, 2011, the day before the financing-contingency due date, realtor informed defendant's attorney that the purchasers would probably not secure financing until August 29. 2011. The next day, defendant's attorney faxed a letter to realtor and the purchasers' attorney stating that defendant was terminating the agreement due to purchasers' noncompliance with the financing contingency. The fax shows that it was received at 3:05 p.m. The purchasers' attorney testified that on the same day, August 26, 2011, he was informed by the purchasers' bank that it had committed to the loan. Accordingly, he faxed a letter to defendant's attorney stating that it was intended to provide "[n]otice under . . . the Purchase and Sale Contract that [purchasers] have satisfied their financing contingency and will proceed with the closing scheduled for

September 14, 2011." Defendant testified that the fax was received at 5:04 p.m. on August 26, though the trial court expressly declined to make a finding as to the time the fax arrived. The bank issued a formal commitment letter on August 31, 2011.

Defendant thereafter maintained that the purchase and sale agreement was terminated. She failed to appear at the closing, and the sale fell through. Realtor subsequently filed this breach-of-contract action against defendant to recover his commission. Following a bench trial, the court issued a written decision and judgment in favor of realtor. The court concluded that defendant had breached the listing agreement when she refused to proceed to closing under the terms of the purchase and sale agreement. In the trial court's view, the purchasers had fulfilled the financing contingency when they provided fax notice of their lender's commitment on August 26, 2011. In this regard, the court observed that the purchase and sale agreement did not specify any particular form of "written notice" to defendant that the financing contingency had been satisfied or any outside timeframe for notice on the due date, August 26, 2011, nor did it specifically require a commitment letter from the lender. Although defendant had also raised an issue concerning realtor's prior relationship with purchasers, the trial court found that this was not relevant to the essential question before it. Accordingly, the court concluded that the financing contingency had been satisfied, that realtor was therefore entitled to a commission, and that defendant had breached the contract and was liable for payment of $9000 to realtor. This pro se appeal followed.[1]

Defendant appears to raise a number of arguments which we address in turn. She suggests that the financing contingency was not satisfied absent a commitment letter from the bank. As the trial court observed, however, the purchase and sale agreement expressly required only "written notice that a commitment for the necessary financing has been obtained"; the agreement did not require that the commitment be in writing. Thus, the testimony of the purchasers' attorney that the bank had approved the loan on August 26, 2011, and the faxed letter of the same date to defendant, were sufficient to satisfy the contract. See Milton Bd. of Sch. Dirs. v. Milton Staff Ass'n, 163 Vt. 240, 244 (1995) ("We will not supply terms or embrace a construction that would alter the rights of the parties as expressed in the original agreement.").

Defendant argues that buyer did not have an unequivocal commitment for financing because the bank required, prior to closing, a right of way and road maintenance agreement concerning the shared drive, and the capping of plumbing in an illegal accessory unit in the basement. The trial court expressly found that these issues with the lender were resolved prior to the faxed notice that the necessary financing had been obtained. Although this finding is inconsistent with the terms of the subsequently issued commitment letter from the bank upon which defendant relies, it is supported by buyer's counsel's testimony that these issues were resolved before he faxed the notice.

Defendant further suggests that the notice was invalid because it was received after the close of business at 5:04 p.m. Even if the trial court had made a finding supporting defendant's claim that the fax arrived at 5:04, its analysis would not have been erroneous. As the trial court observed, the purchase and sale agreement stated only that the purchasers must provide notice "not later than August 26, 2011." It set no outside time limit for notice on the 26th. The agreement did not, for example, specify that notice must be received by the "close of business"

---

[1] Although defendant was represented by counsel at trial, she is self-represented on appeal.

or by "5:00 p.m," nor indeed did defendant adduce any evidence showing what the normal "close of business" is considered for realtors. As noted, the parties to an agreement are "bound by the plain and ordinary meaning of the language used," In re Vt. State Employees Ass'n, Inc., 2005 VT 135, ¶ 14, 179 Vt. 578 (mem.), and courts are not at liberty to supply terms which the parties have left out. Milton Bd. of Sch. Dirs., 163 Vt. at 244. We thus find no basis to reverse the trial court's conclusion that the notice was timely.

Defendant further maintains that the court erroneously admitted a report by the Real Estate Commission issued in response to defendant's complaint that realtor had acted as a dual agent in the transaction, and similarly asserts that the trial court erroneously ignored evidence of realtor's prior relationship with purchasers. As the trial court correctly concluded, however, the report—which found no evidence of misconduct by realtor—was irrelevant to the case, and there is no showing that its admission—erroneous or not—in any way affected the outcome. See Trudell v. State, 2013 VT 18, ¶ 28 (noting that the "[e]rroneous admission of evidence is harmless, unless a party's substantial right is affected," and that the burden is on the appellant "to show that the error resulted in prejudice").

Defendant also contends that the trial court erroneously evaluated the witness's credibility and demeanor, and made a number of findings unsupported by the evidence, including its description of defendant's former occupation as a mortgage lender and real estate appraiser, its finding that "[d]efendant became difficult for [p]laintiff to work with," and its finding that defendant had informed plaintiff that a smaller inheritance than she expected might prevent her from moving and therefore that she wanted to terminate the contract. The trial court is in the best position to assess the credibility of witnesses and weigh the evidence, and we will not disturb its factual findings unless, viewing the evidence in the light most favorable to the prevailing party and excluding the effect of modifying evidence, there is no credible evidence to support them. Kasser v. Kasser, 2006 VT 2, ¶ 16, 179 Vt. 259; Begins v. Begins, 168 Vt. 298, 301 (1998). Defendant here has not shown the court's findings to be clearly erroneous. Moreover, none of the findings are material to the court's interpretation of the purchase and sale agreement and its conclusion that realtor had satisfied the requirements of the agreement and was entitled to a commission. See Mills v. Mills, 167 Vt. 567, 569 (1997) (mem.) (holding that erroneous finding that was not essential to decision was harmless and did not require reversal). Accordingly, we find no basis to disturb the judgment.

Affirmed.

BY THE COURT:

_____
John A. Dooley, Associate Justice

_____
Beth Robinson, Associate Justice

_____
Geoffrey W. Crawford, Associate Justice

3