Filed 09/23/24

VERMONT SUPERIOR COURT

Addison Unit
7 Mahady Court
Middlebury VT 05753
802-388-7741
www.vermontjudiciary.org



CIVIL DIVISION

Case No. 21-CV-02486

| Mahaiwe, LLC v. Evan Ross |
| --- |

## ENTRY REGARDING MOTIONS

Title:        Motion for Sanctions; Motion to Compel ;  (Motion: 27; 28)
Filer:        Colin Hagan; Colin Hagan
Filed Date:   June 20, 2024; June 20, 2024


This case began as an action to regain possession of an apartment but has evolved into what is largely a discovery dispute. The plaintiff is Mahaiwe, LLC, a legal entity that owns an apartment in Vergennes formerly occupied by defendant Evan Ross. Mr. Ross leased the apartment from Mahaiwe from June 2019 to June 2021. Mahaiwe filed its original complaint in August 2021 due to Mr. Ross' continued occupancy of the premises during July and August of that year, which was beyond the term of the lease. Since then, numerous delays, lack of responses or objections to requests, and scheduling difficulties have slowed progress in the case.

The current action involves Mahaiwe's claims for breach of contract, breach of the implied covenant of good faith and fair dealing, defamation, and attorney's fees, as well as Mr. Ross' counterclaim for damages.[1]  Mahaiwe first sent Mr. Ross a discovery request in February 2022. At various points during the pendency of this case, Mr. Ross has made representations about his financial status and cited health issues as the reason for his failure to respond to requests and emails. His repeated refusal to provide documents corroborating his health issues gave rise to the current discovery dispute, which is rooted in Mahaiwe's desire to compel Mr. Ross to sign a consent form that would allow the Social Security Administration to release protected medical and financial information ("SSA form").

Following a hearing in May 2023, Mr. Ross agreed to sign medical releases for UVM Medical Center, Community Health Center, Dartmouth Hitchcock Medical Center, and a physical therapist by June 2023. Despite agreeing to do so, Mr. Ross did not sign the medical releases. In July 2023, Mahaiwe moved to sanction Mr. Ross based on his failure to execute the releases as agreed during the May hearing. Mahaiwe objected to Mr. Ross' discussion of any medical conditions in court while he refused to provide the information in discovery and asked that it be excluded as evidence. The court granted this motion in September, precluding Mr. Ross from relying on any claimed medical conditions arising prior to that date for his claims or affirmative defenses. At the same time, the court denied Mr. Ross' motion for a stay of proceedings based on any current medical issues he may have been experiencing.

The court first heard from the parties on the motion to compel Mr. Ross' execution of the SSA form in March 2024. At that time, the court questioned the relevance of these records to Mahaiwe's case

---

[1] The original action involved a claim by Mr. Ross for a breach of the landlord's warranty of habitability, but Mr. Ross has asserted he is no longer pursuing that claim.

and opined that it would be better for the parties to come to an agreement that obviated the need for the SSA release. As a result, it denied Mahaiwe's motion to compel at that time. During the hearing, Mr. Ross agreed to the court's proposed deposition deadline of May 31, 2024, under threat of sanctions for non-compliance.

Mahaiwe served Mr. Ross with a third set of discovery requests that included a request for his execution of the SSA form in April 2024. Mahaiwe attempted to schedule a deposition and request Mr. Ross' discovery responses via emails sent on April 10, April 16, April 23, April 26, May 3, May 14, May 21, and May 28. Mr. Ross did not respond to any of these requests and failed to make himself available for a deposition by the court's deadline.

After Mr. Ross failed to comply with the May deadline, Mahaiwe again moved to compel Mr. Ross to sign the SSA form and sanction him for non-compliance. These motions are the subject of this order. The court heard from the parties again at a hearing in August 2024. At the hearing, Mr. Ross informed the court for the first time that he had failed to respond to emails and sit for a deposition because he had been hospitalized for a severe spinal cord injury and subsequent infection. The court ordered Mr. Ross to provide documentation of his hospitalization and took both of Mahaiwe's motions under advisement.

Under V.R.C.P. Rule 37(d), the court has broad authority to act when a party fails to "serve answers or objections to interrogatories under Rule 33" or "to serve a written response to a request for production or inspection under Rule 34." In addition to the ability to strike portions of pleadings, this includes requiring the non-compliant party to execute the form at issue. V.R.C.P. 37(b).

In this case, Mr. Ross has repeatedly failed to answer or object to discovery requests or respond to attempts to schedule a deposition, despite leniency from this court. His refusal to participate presents a major obstacle to the resolution of this matter and evinces a disregard for the legal process. Additionally, given Mr. Ross' refusal to sign medical releases that would enable Mahaiwe to obtain information to verify Mr. Ross' claims in discovery, the court finds the SSA form to be relevant and discoverable. The information bears on Mr. Ross' representations about his health and financial status, as well as issues of credibility.

For these reasons, the court grants Mahaiwe's motion to compel. To comply, Mr. Ross must execute an SSA-3288 Consent for Release of Information and provide it to Mahaiwe within 10 days of this court's order. Failure to comply could result in further action by the court, including a finding of contempt under Rule 37(b): "If a deponent fails to be sworn or to answer a question after being directed to do so by any Superior Judge . . . the failure may be considered a contempt of court." V.R.C.P. 37(b); Kingsbury v. Kingsbury, 137 Vt. 448, 453–54 (1979).

The court has discretion to sanction Mr. Ross' conduct as well as compel his execution of the SSA form. V.R.C.P. 37(b). However, the court finds Mr. Ross' most recent medical issues documented in his submission dated September 4, 2024, to be a valid reason for his delay and lack of response in this instance. Taken in conjunction with his pro se status, the court finds these difficulties excuse the imposition of sanctions at this time. However, all parties should take note of the fact that a motion for sanctions may be renewed at any time upon further failure to comply with the court's orders. Should either litigant disregard these orders, the court can order facts established in accordance with a party's claim for purposes of this case, refuse to allow a party to support certain claims or defenses, and/or strike pleadings in whole or in part, dismiss the action in whole or in part, and/or enter a default judgement. V.R.C.P. 37(b).

The motion to compel is GRANTED.

The motion for sanctions is DENIED at this time.

**Signed Electronically on September 23, 2024 pursuant to V.R.E.F. 9(d).**

_____

**David Barra**
**Superior Court Judge**