**John Emrick, Petitioner v. John P. Connarn, Judge of District Court of Vermont, Unit No. 5, and District Court of Vermont, Unit No. 5, Petitionees**

[260 A.2d 380]

No. 88-69

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 2, 1969

*Edwin W. Free, Jr.,* Barre, for Petitioner.

*Kimberly B. Cheney,* State's Attorney, for Petitionees.

**Shangraw, J.** This is a petition for a writ of *certiorari.*

Petitioner was charged by information dated December 23, 1968, with the crime of breaking and entering in the daytime of Seivright's Pharmacy in Montpelier, Vermont. A plea of not guilty was entered and counsel was appointed to represent the respondent.

On May 27, 1969, the respondent through his attorney made an oral motion to the Honorable John P. Connarn, Judge of the Washington District Court, Unit No. 5, for a certificate, under the provisions of the Uniform Act to Secure the Attendance of Witnesses from Without the State in Criminal Cases, requiring the attendance of two out-of-state witnesses at time of trial, one residing in the State of Maine, and one residing in the State of California. 13 V.S.A. § 6646.

Both the States of Maine and California have adopted this Uniform Act.

Respondent's motion was denied, although it was the impression of respondent's attorney that the motion, as to the witness in California, had been granted. To this end, it was suggested by the court that this attorney prepare the necessary papers to effect the presence of the California witness. Subsequently the respondent limited his request to the production of the one witness from California.

On May 28, 1969 Judge Connarn requested respondent's attorney to come to his office on May 29, 1969 to discuss with him and the State's Attorney, the procedure involved in bringing the California witness to Vermont.

On arriving in court on May 29, 1969 counsel for the respondent learned that the State was going to present testimony through a State Police Officer bearing upon the immateriality of the testimony of the California witness.

Counsel for the respondent objected to these proceedings, pointing out to the court that there had been given no notice of the hearing for this purpose to the respondent or his counsel, and respondent was not present and did not have an oppor-

tunity to be present. The court proceeded to hearing and took and considered the State's offered evidence on this issue. Counsel for the respondent took no part in the proceedings.

At the conclusion of this hearing held on May 29, 1969, respondent's motion for the production of the California witness was denied. As grounds for the denial of the motion, the court in part stated: "The Court does not feel that sufficient evidence has been introduced, shown, or an offer made as to what exactly or even in substance the testimony of this witness in California would be."

In support of the motion to produce the California witness, it was urged by the respondent in open court that, acting under an illegal search warrant, officers found a quantity of drugs in the trailer, presumably to be used by the State as evidence on the burglary charge. Respondent claimed that the testimony of this witness, who was present at the time of search, was material and would have a direct bearing on the alleged illegal seizure of the drugs, all of which was preparatory to a proposed motion to suppress this evidence.

In his brief, the respondent's main and only assault on the action of the court to the denial of his request to order the presence of the California witness during trial, relates to the taking of the testimony of the state police officer on May 29, 1969, without respondent having had an opportunity to be present at the time of the taking of this evidence by the court below.

■  The office of the writ of *certiorari* is to provide for a review of the judicial action of inferior courts, special tribunals, public officers and bodies exercising judicial functions in those instances where no other means of review is provided. *Rutland Hospital, Inc.* v. *State Board of Health,* 126 Vt. 41, 44, 220 A.2d 722.

■ ■  It is well settled that the issuing of a writ of *certiorari* is largely a matter of discretion. The practice in this state is to hear the merits of the case upon the petition and subsequent pleadings, and practically decide it upon the granting or refusal of the writ. Such a writ issues only when there is no other adequate remedy at law, and brings up for review only substantial questions of law affecting the merits of the

case involved in the proceedings below. *In Re Taconic R & B Assn.*, 125 Vt. 76, 77, 78, 209 A.2d 492.

It is the respondent's contention that the court's action in hearing evidence produced by the State at the hearing held on May 29, 1969 without notice to the respondent, and without his having had an opportunity to be present, exceeded the court's jurisdiction and was illegal and unconstitutional.

The State's contention that the petition should be dismissed is double edged. It first urges that the respondent had an adequate remedy at law from the denial of his motion in question by appeal to this Court under the provisions of 13 V.S.A. § 7401 which relates to final judgments.

Secondly, in urging that the petition be dismissed, the State contends that the order in question is interlocutory in nature, not final, and that a writ of *certiorari* lies only to review a final judgment. In view of our final result we need spend no time on this contention. We do, however, call attention to the case of *Carpenter* v. *Central Vermont Railway Co.*, 84 Vt. 538, 80 A. 657, in which it was held that a denial of a petition for a change of venue is a "final judgment" reviewable on *certiorari*. By way of explanation of its holding this Court in part stated: " * * * for the denial did finally determine the question involved in that proceeding, though it did not, and of course, could not, touch the merits of the principal case, for it simply supervened upon it."

"For a judgment to stand against attack on *certiorari*, the inferior tribunal rendering it must have had jurisdiction of the subject matter and of the person, and to render the particular judgment. Though a court has jurisdiction over the subject matter and the parties in the fundamental sense, if it has no power to act except in a particular manner, or to act without certain procedural requisites, or to give certain kinds of relief, and it acts otherwise, it is acting without jurisdiction." 14 Am.Jur.2nd, *Certiorari*, § 9.

Just prior to the hearing of May 29th and in referring to respondent's motion the court in part stated, "* * * I am still open on the question of the matter. I haven't made up my mind. I don't think I said anything irretractable in the matter under which I was going to agree to issue a certificate to summons this witness. That is why I asked both of you to be here this morning." With this uncertainty it would appear that the testi-

mony of the state police officer may well have influenced the court's action, at least to some extent, in finally denying the motion.

The result which we must arrive at is not controlled by the discretionary latitude vested in the court below in passing upon the motion in question; the nature of the judgment, whether final or interlocutory; the appellate processes; nor whether the denial of the motion is factually supported.

The overriding question is whether or not the respondent was deprived of his day in court by virtue of the facts surrounding the hearing on May 29th which was held without due notice and without affording him the opportunity to be present and offer evidence in his own behalf in support of the motion.

■ Failure to afford adequate notice and an opportunity to be heard violates the very essence of the meaning of due process of law. *Thompson* v. *Smith,* 119 Vt. 488, 507, 129 A.2d 638; *Emerson* v. *Hughes,* 117 Vt. 270, 275, 90 A.2d 910; 34 A.L.R.2d 539.

■ We conclude that the hearing held on May 29, 1969 is without validity, and that the order which followed denying respondent's motion should be vacated.

*The order denying petitioner's motion to require the presence of the witness residing in the State of California is vacated. The cause is remanded with directions that further proceedings be held in order to afford the petitioner an opportunity to be heard on the issue of whether the California witness should be compelled to attend the trial.*