### Arlene A. Nichols v. Paul F. Nichols

[340 A.2d 73]

No. 216-73

Present: **Barney, C.J., Smith, Keyser and Daley, JJ., and Shangraw, C.J. (Ret.)**

Opinion Filed June 3, 1975

*Douglas L. Molde,* Vermont Legal Aid, St. Albans, for Plaintiff.

*Richard A. Gadbois, Esq.,* St. Albans, for Defendant.

**Keyser, J.** This is an appeal from the judgment of divorce granted the plaintiff. The proceeding was uncontested below except on the issue of child support. The order contained the following provision: "Defendant ordered to (a) pay to plaintiff, toward support of minor child, $30.00 per week to child's emancipation or age 18; (b) pay to plaintiff as alimony $35.00 per week, to her death or remarriage, to reduce to $15.00 per week when she resumes employment; ...."

By his appeal the defendant contends the trial court erred in making a provision in the final order for alimony without first giving notice to the parties that it was an issue and giving them an opportunity to present evidence thereon.

The plaintiff used a printed form in drawing her petition for divorce. As required it was executed under oath. The petition shows that alimony as an issue for the court to consider was struck from the form. Plaintiff did not at that time or at any subsequent time pray that she be granted alimony.

A review of the petition, temporary order and transcript fails to indicate that alimony was raised as an issue. Nor does it disclose that the trial court was considering it as such and that it would make provision for alimony in its order. We find nothing in plaintiff's testimony to intimate that she was asking for alimony or that she had altered the position she had taken in her petition respecting it.

We are not unmindful that the court has the power to award alimony under 15 V.S.A. § 754, but that is not the question here. Neither is V.R.C.P. 15(b) applicable since the record is barren of any express or implied consent that alimony was at issue although not raised by the pleadings.

It is apparent the defendant was given no notice or an opportunity to be heard on the issue of alimony. *See* V.R.C.P. 80(d); *cf. Emrick* v. *Connarn*, 128 Vt. 202, 206, 260 A.2d 380 (1969). For this reason and in order to remove all doubt in the procedure adopted, the case is appropriate for remand on this single issue.

*Affirmed excepting that the part of the judgment order providing for the payment of alimony is reversed and remanded for a hearing on the issue of alimony.*

**Daley, J.,** Dissenting. I would affirm the judgment of the trial court. The defendant, in my opinion, received all notice to which he was entitled under V.R.C.P. 80(b). This is not a case where we have required a trial court rejecting the provisions of a stipulation to give the parties notice of its action and opportunity to be heard. *Martin* v. *Martin*, 127 Vt. 313, 314, 248 A.2d 723 (1968).

I do not accept the contention of the defendant that he was entitled to believe alimony would not be in issue because of the

lack of a prayer for such relief in plaintiff's complaint. Our statutory law relative to divorce actions as well as our rules of civil procedure in the same regard contain no such requirements.

The question of alimony was before the court as legal incident to the granting of a divorce. *See Loeb* v. *Loeb,* 118 Vt. 472, 485, 114 A.2d 518 (1955) ; 15 V.S.A. § 754. The record shows no waiver by the plaintiff. The financial condition of both parties as well as their respective needs was the subject of inquiry.

The statute 15 V.S.A. § 754 is in itself legal notice that alimony may be awarded in a given case such as we have here. The service of the complaint, in my opinion, placed the defendant upon notice of all matters legally incident to the divorce, including child support and alimony.

In all fairness to the courts as well as future parties, V.R.C.P. 80(b) should be amended so as to prevent a recurrence of what happened here. The defendant, having been present in court with counsel, had notice and opportunity to be heard. I would affirm.