## Robert R. White v. Roberta B. White

[349 A.2d 894]

No. 271-74

Present: Barney, C.J., Smith, Daley, and Larrow, JJ. and
Shangraw, C.J., Specially Assigned

Opinion Filed December 2, 1975

*Parker and Lamb,* Springfield, for Plaintiff.

*Leslie G. Black* of *Black & Plante,* White River Junction, for
Defendant.

Barney, C.J.   This is an appeal from a contested divorce
action. The only issue relates to the provision of the order
decreeing the jointly owned residence of the parties and the
two acres of land on which it stands to the defendant wife.

The plaintiff husband claims this disposition to be contrary
to the requirements of 17 V.S.A. § 751, which reads as fol-
lows:

> In granting a divorce from bed and board, or an absolute
> divorce, or a decree annulling a marriage, upon petition of
> either party, the court shall decree such disposition of
> the property owned by the parties separately, jointly, or

by the entirety, as shall appear just and equitable, having regard to the respective merits of the parties, to the condition in which they shall be left by such divorce, to the party through whom the property was acquired and to the burdens imposed upon it for the benefit of the children. Such decree when affecting title to real estate shall be recorded in the land records of the town wherein such real estate is situated and shall be effective to convey or encumber the title to such real estate as indicated in such decree, subject to all prior encumbrances.

The argument of the plaintiff is based upon the situation of the parties as shown by the facts, which are not challenged here. The plaintiff is a carpenter, unemployed at the time of the hearing and for a month prior thereto, collecting unemployment compensation of $86.00 per week. The defendant wife, who has and has had custody of the two minor children, aged 17 and 10, is employed at an area newspaper. She nets approximately $124.00 per week, and the plaintiff, when employed, nets approximately $130.00 a week.

The parties owned, at the time of the hearing, an uncompleted house standing on two acres of land. In 1963 the parties purchased a house and about 125 acres of land. The house and five acres of land were placed in their joint names, and the remaining acreage was put in the plaintiff's father's name. The division was done for financing purposes. In 1965, plaintiff's father deeded the additional acreage back to the plaintiff alone. In 1973, after divorce proceedings had been instituted, the plaintiff conveyed this acreage to his mother, for no consideration.

The house purchased in 1963 was sold to pay plaintiff's business obligations and the balance used in the construction of the incomplete house now decreed to the defendant. It is the position of the plaintiff that the distribution of this property to the defendant is unfair and unjust, and, in effect, leaves him destitute. He is in arrears in his support payments, has an outstanding indebtedness of $1,000.00, and no remaining assets from the marriage to relieve the problem. It is his claim that such value as the house has is solely due to his efforts in building it.

The plaintiff goes on to assert that this division of property which he claims is unfair is based upon his transfer of land to his mother, although nothing in the findings, conclusions of law, or judgment order says so. The consideration of this transfer, the plaintiff says, was improper as irrelevant to the issues in this case.

■ Assuming for the purposes of the plaintiff's claim that the lower court did take into account the gratuitous transfer, it must be pointed out that the statute, 15 V.S.A. § 574, specifically provides for disclosure of, and accounting for, such transfers:

> Upon dissolution of marriage, the court may decree to the wife such part of the real and personal estate of her husband, or such sum of money to be paid in lieu thereof by the husband, as it deems just, having regard to the circumstances of the parties respectively. It may require the husband to disclose on oath what real and personal estate has come to him by reason of the marriage, how the same has been disposed of and what portion thereof remains in his hands. In case the court decrees to the wife any real estate as such alimony, the wife shall cause a copy of such order and decree to be recorded in the office of the clerk of the town in which such real estate is situated within thirty days after the date of such decree. An order made under this section for the payment of money shall have the force and effect of a judgment order. A person in whose favor such order is made may proceed for the collection of any sum due thereunder as one may proceed to collect any court judgment.

Even if the statute did not provide for the giving of such information, the inquiry would be proper by the court in any event, in order to avoid transfers of property by one spouse in derogation of the rights of the other, or the children, or both. *Culver* v. *Culver*, 133 Vt. 191, 193–94, 332 A.2d 799 (1975). See also *Rudin* v. *Rudin*, 132 Vt. 30, 33, 312 A.2d 736 (1973).

■ Moreover, as has been so often said in our cases, the division of property is a matter of wide discretion in the trial

court, and it may decree such property in the manner it deems just, whether held separately, jointly, or by entirety. Unless abuse appears upon review, the decree will stand. *LaFarr* v. *LaFarr*, 132 Vt. 191, 193, 315 A.2d 235 (1974); *Allen* v. *Allen*, 132 Vt. 182, 185, 315 A.2d 459 (1974). The circumstances of this case, as expressed in the undisputed facts, show no abuse of discretion requiring this Court's intervention.

*Order affirmed.*