## Richard A. Bero v. Charlene E. Bero

[367 A.2d 165]

No. 299-75

Present: Barney, C.J., Smith, Daley, and Larrow, JJ. and Keyser, J. (Ret.), Specially Assigned

Opinion Filed October 29, 1976

534

*Wool and Murdoch*, Burlington, for Plaintiff.

*Robert G. Bliss, Sr.*, of *Tyler and Bruce*, St. Albans, for Defendant.

**Barney, C.J.** The plaintiff was granted a divorce on the ground that the parties had lived separate and apart for six consecutive months and the resumption of marital relations was not reasonably probable. He appeals from those portions of the final order requiring him to pay the defendant a total of $45 per week for the parties' three minor children, $12,500 for her interest in real estate found to be worth $30,000 decreed to him, and $8,500 within three months in lieu of alimony.

His claim is that the source of his major asset out of which these payments must come made it unreachable by the trial court. The award in lieu of alimony, he contends, is particularly inappropriate where the defendant had not asked for alimony in her counterclaim for divorce. Finally, this lump sum payment award allegedly amounts to an abuse of discretion by the lower court.

Plaintiff has conceded that Vermont law permits a court to make an alimony award even in circumstances where it is not requested. A majority of this Court has recently held that an unrequested alimony award is not always proper. *Nichols v. Nichols*, 133 Vt. 370, 340 A.2d 73 (1975). In *Nichols* the appellant had been the defendant below, and he had received no notice that alimony was an issue nor given an opportunity to be heard thereon. A request for alimony had been struck from the printed form used by the plaintiff, and the issue did not appear in the temporary order or the transcript. Under these circumstances, the portion of the final order awarding alimony was reversed on appeal. *Id.* at 371.

Under the circumstances of the instant case, however, *Nichols* cannot control. The appellant was the plaintiff below, and his original petition requested that the court grant him a suitable portion of the property of the parties. The defendant's counterclaim as it appears in the actual record (unlike those of the same date reproduced in the printed case) requested, in addition to a bill of divorce, "such further relief as seems just". These factors are arguably sufficient for the court to consider an alimony award under 15 V.S.A. § 754.

But, beyond these, alimony was provided in the temporary order based upon a stipulation of the parties, and the transcript reveals that the lump sum payment in lieu of alimony was requested, and contested, during the trial.

■ While the parties were still living together, the plaintiff was severely injured in a motorcycle accident. Shortly after he began the divorce action, he received a net settlement of a tort action arising out of this accident amounting to $143,000. Citing us to no statute or opinion from this or any other jurisdiction, plaintiff asserts that, because this settlement encompassed, among other things, the present value of the future earnings lost, it was not marital property that could be awarded to the defendant. Logically extended, such reasoning would allow any spouse who could find a willing employer to enter into a contract whereby he would be paid during the divorce process the present value of his services for an extended period into the future. The obligation to support the other spouse as delimited by the trial court's discretion in awarding alimony cannot be terminated in such a manner. *Clifford* v. *Clifford*, 133 Vt. 341, 344, 340 A.2d 60 (1975) ; 15 V.S.A. § 754. The settlement was marital property under this statute. And, if plaintiff had negotiated less strenuously preceding the settlement out of a belief that he could thereby reduce his support obligations, a hypothesis we hasten to point out is totally unsupported by the record, he would have done so at his peril. Cf. *Romano* v. *Romano,* 133 Vt. 314, 340 A.2d 63 (1975).

■ The defendant was awarded $21,000; the plaintiff retains the remainder of his settlement and the real estate under the final order. We are not about to intrude into the wide discretion available to the trial court in property division matters, *White* v. *White*, 133 Vt. 614, 616–17, 349 A.2d 894 (1975), and we will not hold that an award of this amount to the defendant, a woman with minimal education, few employable skills, and custody of three minor children constituted an abuse of that discretion.

*Affirmed.*