### Bailey C. Wood v. Prudence Wood

[465 A.2d 250]

No. 248-81

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed June 7, 1983

114

*Valsangiacomo & Detora, P.C.,* Barre, for Plaintiff-Appellant.

*Lisman & Lisman,* Burlington, for Defendant-Appellee.

**Billings, C.J.** Plaintiff-appellant Bailey C. Wood was granted a judgment of divorce on April 30, 1981, on the ground that he and his wife, Prudence Wood, had lived separate and apart for six consecutive months with the resumption of marital relations not reasonably probable. 15 V.S.A. § 551. The court found both parties to be at fault, but found that plaintiff's fault was "substantially greater than that of defendant." The decree granted care and custody of the parties' two minor children to defendant, with plaintiff given reasonable visitation rights. It further provided for a division of the parties' real and personal property, with approximately two-thirds to defendant, and one-third to plaintiff. Finally, it ordered plaintiff to pay alimony in the amount of $50.00 per week for a period of three years, "unless [defendant] sooner remarries, dies or becomes employed full time, at which time same shall terminate," and to pay weekly child support in the amount of $75.00 per child, or $150.00 total, until each child reaches majority. On appeal, plaintiff contests those portions of the decree regarding alimony, support, and property division.

An extensive factual recitation is unnecessary. Suffice it to say that after several years of marital tension, plaintiff commenced an affair with a female co-worker. Defendant first learned of this affair some two years later, when her husband's girlfriend unexpectedly arrived at the Wood household and "explained everything" to her. Plaintiff, for a time, agreed to terminate the relationship, but after a few months the affair recommenced. In 1978, plaintiff left defendant and their children, first residing with his girlfriend for several months, and then taking an apartment of his own. At the time of trial, plaintiff was still involved in that relationship.

In addition, sometime just prior to trial plaintiff learned that he had been named as beneficiary to one-third of a late aunt's estate. Although he had seen the will, looked over the inventory and discussed the matter with his brother, an attor-

ney acting as estate executor, plaintiff was unable to recall at trial anything about his expected inheritance: neither how much he was due to receive nor when he might expect to receive it. In this regard, the court found that plaintiff had "made no effort to determine when distribution will be made and in what amount."

Plaintiff first claims that the alimony and child support order is not supported by the findings, and that the findings in turn are unsupported by the evidence. Plaintiff particularly takes issue with the following finding:

> 30. While plaintiff's wages alone are insufficient to cover substantial alimony and child support payments, considering the inheritance and the fact that he periodically stays with [his girlfriend] and eats at her residence, thereby reducing his own expenses, he is able to pay $50.00 weekly in alimony and $150.00 per week in child support.

Plaintiff maintains that any evidence at trial concerning the inheritance was far too vague and uncertain to support the court's order, and that there was little evidence, and no findings, concerning any savings which might accrue to him on account of his visits with his girlfriend. Therefore, he concludes, the only basis for the order was his salary, and since the court found his wages alone "insufficient," he argues that the entire alimony and support order must fail.

We cannot agree. It was undisputed that at the time of trial plaintiff earned a salary of $25,000 annually, with a take home amount of approximately $340.00 per week. Moreover, there was evidence that in arriving at this net amount plaintiff may have inflated some of his weekly deductions and exemptions. For instance, he listed a weekly telephone deduction of $25.00, when in fact some weeks this amount was not deducted at all. In addition, he had taken only two exemptions for tax purposes, when he was actually eligible to claim three exemptions and thereby increase his weekly take home pay. Defendant, on the other hand, was unemployed at the time of hearing, was receiving food stamps, and was several thousand dollars in debt. The court found that her weekly expenses, for herself and her children, were $317.54, and that other than the ali-

mony and child support from plaintiff, which at the time of trial were $500 in arrears, she had no other income.

While the disputed finding is subject to differing interpretations, we are bound, if at all possible, to construe it in support of the judgment. *Villeneuve* v. *Town of Waterville,* 141 Vt. 154, 156, 446 A.2d 358, 359 (1982). Bearing this in mind, we note that the finding does not simply state that plaintiff's wages were insufficient to cover alimony and support payments; rather, it states that such income alone could not cover "substantial" alimony or support. A reasonable construction of this language is that the court refused to impose too heavy a monetary burden on plaintiff. Instead, it ordered him to pay only $50.00 per week in alimony, to cease after three years, and $75.00 per week in support of each child. Given the relative resources and needs of the parties, this can hardly be considered a "substantial" monetary burden.

Moreover, under 15 V.S.A. § 754, as in effect at the time of trial, the court was granted wide discretion to award alimony as it deemed just, having due regard to the circumstances of the parties. In ordering support payments pursuant to 15 V.S.A. § 292, then in effect, the court was free to award such amounts as it deemed "expedient." Therefore, the trial court could properly consider both plaintiff's pending inheritance and his living arrangements as two among many factors relevant to the issues of alimony and support. As the court's considerable discretion in these matters may be disturbed only where such discretion has been improperly exercised, or has exceeded its bounds, *Ruhe* v. *Ruhe,* 142 Vt. 429, 431, 457 A.2d 628, 630 (1983) ; *Graham* v. *Graham,* 137 Vt. 542, 543, 409 A.2d 571, 572 (1979), and since plaintiff has failed to prove such abuse, the orders of alimony and support are affirmed.

Nor is there merit in plaintiff's ancillary claim that defendant, by her testimony during cross-examination, waived her request for alimony. While it is true that at one point during the trial defendant testified she was only seeking child support, this is not sufficient to support a finding of waiver. The case cited by plaintiff in support of such a finding is not compelling. *Nichols* v. *Nichols,* 133 Vt. 370, 340 A.2d 73 (1975). There we held that where neither the petition for

divorce, nor the transcript, the temporary order nor anything else in the record showed that petitioner had asked for alimony or raised it as an issue, defendant had no notice or opportunity to be heard on the matter. For this reason we ruled that the court abused its discretion in awarding such alimony. *Id.* at 371, 340 A.2d at 74.

■ Here, in contrast, defendant by her answer requested, and was granted, temporary alimony in the amount of $50.00 per week. Moreover, during the hearing both sides put on testimony regarding the merits of alimony payments, and defendant submitted exhibits and requests for findings regarding a specific amount for such weekly payments. Thus, these facts more closely resemble those found in *Bero* v. *Bero,* 134 Vt. 533, 367 A.2d 165 (1976). In that case we distinguished *Nichols* and, notwithstanding claims of waiver, affirmed an alimony award where defendant had, in her answer, requested "such further relief as seems just," had been granted temporary alimony, and had introduced evidence regarding alimony at trial. *Id.* at 534–35, 367 A.2d at 167. In that case, as here, there was no basis for a claim of insufficient notice on the issue of alimony; as such, it will not be deemed waived.

Finally, plaintiff attacks the order regarding property settlement, arguing first that the court erroneously assigned values to the parties' property, and second that the disposition of the real estate is too vague for compliance. The property in question consists of a family home and 21.3 acres on the west side of a road in Westford, Vermont, as well as an old barn and 91 acres on the east side of the road. The court awarded the house, the 21.3 western acreage, the barn and 25 eastern acres to defendant; the remaining 66 acres on the east side of the road were awarded to plaintiff. The court found the value of defendant's portion to be $50,000, and that of plaintiff to be $25,000. This valuation, plaintiff contends, is erroneous.

■■ The basis of plaintiff's argument is that the court adopted defendant's estimated valuation, rather than his own. Plaintiff estimated that the house and the 21.3 western acres were worth about $51,000, while the remaining 91 eastern acres and the barn were worth approximately $24,000. How-

ever, 12 V.S.A. § 1604 clearly states that "[t]he owner of real or personal property shall be a competent witness to testify to the value thereof," and the weight to be given such testimony is a matter solely for the trier of fact. *Jackson* v. *Jackson,* 139 Vt. 548, 550, 432 A.2d 1181, 1182 (1981). As there was no evidence of any outside appraisal of the property, the court was limited to the parties' valuations, and it was fully within its discretion to choose defendant's estimates. As plaintiff has shown no abuse of this discretion, it will stand. *Kinley* v. *Kinley,* 140 Vt. 77, 78, 435 A.2d 698, 699 (1981).

Plaintiff's final argument is that the court's order dividing the property is too vague to allow compliance by the parties. Specifically, he contends that the court assigned no clear boundary line between defendant's 25 eastern acres and plaintiff's remaining 66 eastern acres. Further, he argues that the order failed to dispose of the two encumbrances upon the property: the $12,000 balance of a mortgage due and payable to the Vermont Federal Savings & Loan Association, and a note to plaintiff's mother representing sums advanced by her to pay off the property's first mortgage. Plaintiff maintains that because responsibility for each of these debts is not allocated by the order, the order must be remanded to the trial court for further clarification.

We agree with both these contentions, and therefore remand to the trial court for the limited purpose of making findings and entering an order relative to the boundary line dividing the eastern acres, and to the encumbrances upon the property and an allocation of responsibility for the payment thereof.

*Affirmed in part, reversed in part and remanded.*