## Raymond J. Lalumiere v. Kathleen Lalumiere

[544 A.2d 1170]

No. 85-462

Present: **Allen, C.J., Peck and Dooley, JJ., and Barney, C.J. (Ret.) and Keyser, J. (Ret.), Specially Assigned**

Opinion Filed March 18, 1988

*Susan M. Murray* of *Langrock Sperry Parker & Wool*, Middlebury, for Plaintiff-Appellant.

*Marion T. Ferguson* of *Ryan Smith & Carbine, Ltd.*, Rutland, for Defendant-Appellee.

**Peck, J.** The parties were divorced by order of the Addison Superior Court after a contested hearing. Plaintiff husband appeals the trial court's property division and award of rehabilitative maintenance to defendant, and argues that the trial court abused its discretion by failing to order defendant to pay child support. Defendant argues that the trial court erred by failing to award her attorney's fees. We affirm in part and reverse in part.

The parties were married in 1977 and had two children. Over a period of many years defendant suffered from bipolar disease and from substance abuse. As a result of these conditions she was hospitalized in December of 1983, for a period of 30 days, and thereafter spent 30 days in a treatment facility. Upon release defendant resided at a half-way house in Massachusetts and, since June, 1985, has shared an apartment with another adult in Massachusetts. Since the time the parties separated, the children have resided with plaintiff.

At the time of the final hearing, plaintiff earned approximately $17,000 a year. In addition, he had a savings account of $2,000, a mutual fund account worth $1,000, shares of stock valued at $2,800, and three cars, two of which were inoperable. Plaintiff also had an indebtedness of $5,752, and shares of stock in a retirement program worth approximately $5,400. Defendant, in contrast, earned $67 a week and was a part time student.

The parties own two acres of land in Leicester, Vermont, upon which is located a house, not yet completed, and a mobile home in which plaintiff and the children live. The court found the real estate to be worth $15,000, but encumbered by an outstanding loan of $4,000.

In its final order, the court awarded custody of the children to plaintiff, and also awarded him all of the marital property, which

included the land, stock, savings account, cars and mutual fund. In dividing the marital property, plaintiff was ordered to pay defendant $5,000 in two payments over a six month period. In addition, the court ordered plaintiff to pay defendant $3,000 in rehabilitative maintenance in two payments over a year period.

■ Plaintiff contends first that the trial court abused its discretion by ordering him to pay defendant $5,000 as a property settlement. He argues that his current income is insufficient to cover the expenses he incurs in supporting himself and the children and, as a result, it is unreasonable to require him to pay a property settlement. 15 V.S.A. § 751 provides that "the court shall settle the rights of the parties to their property . . . [and] equitably divide and assign the property," and sets out factors that the court may consider. Among the factors to be considered in making the decision are "the source of the property, the respective merits of the parties, the conditions with which each would be left by the divorce, the needs of the children and a general equitable result." *Kinley* v. *Kinley*, 140 Vt. 77, 78, 435 A.2d 698, 699 (1981).

The disposition of property pursuant to a divorce decree is a matter of wide discretion for the trial court. *Roberts* v. *Roberts*, 146 Vt. 498, 499, 505 A.2d 676, 677 (1986); *Atwood* v. *Atwood*, 143 Vt. 298, 300, 465 A.2d 1354, 1355 (1983). The court's disposition will not be disturbed, "[u]nless the court's discretion was abused, withheld or exercised on untenable grounds or to a clearly unreasonable extent . . . ." *Roberts*, 146 Vt. at 499, 505 A.2d at 677. "[T]he distribution of property is not an exact science and does not always lend itself to a precise mathematical formula; all that is required is that such distribution be equitable." *Victor* v. *Victor*, 142 Vt. 126, 130, 453 A.2d 1115, 1117 (1982).

In this case we find no abuse of discretion. It appears from the record that plaintiff was awarded approximately 70% of the marital assets. Findings were made as to many of the factors set out in § 751. We find no indication that the trial court's discretion was either withheld or abused.

■ Plaintiff next argues that the trial court erred by awarding defendant maintenance in the absence of a request for it by her. We first note that, when it comes to awarding maintenance, the court has wide discretion, and "corrective action is warranted only where such discretion has been improperly exercised, or has

exceeded it bounds." *Ruhe* v. *Ruhe*, 142 Vt. 429, 431, 457 A.2d 628, 630 (1983).

In *Nichols* v. *Nichols*, 133 Vt. 370, 240 A.2d 73 (1975), this Court held that the trial court erroneously ordered the defendant to pay alimony to the plaintiff, where there was every indication that the plaintiff was not seeking alimony. *Id.* at 371, 240 A.2d at 73.

This case is factually similar to *Nichols*. Defendant never requested maintenance, and stated that "[t]he only thing that I'm asking for is reasonable visitation with my children. And a reasonable split on the property." In addition, she never indicated that she needed maintenance. On the contrary, the record shows that defendant was self-sufficient. She had overcome her addictions to drugs and alcohol and was working part-time and going to school part-time. Defendant was also living with her fiance, with whom she shared expenses.

Defendant points to *Bero* v. *Bero*, 134 Vt. 533, 367 A.2d 165 (1976), for the proposition that the court may award maintenance even where it is not requested. In *Bero* this Court upheld an award in lieu of alimony where defendant had not specifically requested alimony. *Id.* However, in *Bero*, defendant requested in her counterclaim "such further relief as seems just," and the issue of alimony had been raised and contested at the trial. *Id.* at 534-35, 367 A.2d at 167. None of these circumstances are present in this case.

Since there was no indication that defendant sought an award of maintenance, and plaintiff was given no notice or opportunity to be heard on the issue, we hold that the trial court abused its discretion by awarding maintenance in this case. See *Nichols*, 133 Vt. at 371, 340 A.2d at 74.

■ Plaintiff next argues that the trial court abused its discretion by failing to order defendant to pay child support. The trial court has wide discretion to determine the amount and manner of awards of child support. *Roya* v. *Roya*, 145 Vt. 488, 489, 494 A.2d 132, 133 (1985). Under 15 V.S.A. § 651, as that statute existed at the time of the proceedings below,* the trial court was entitled to consider the financial resources and needs of the noncustodial parent. The record reflects that defendant just barely had the

---

* 15 V.S.A. § 651 was repealed by No. 180, Acts of 1985 (Adj. Sess.), § 14. It has been superseded by 15 V.S.A. §§ 653-663.

personal resources to care for herself; thus, we cannot say that the court abused its discretion under 15 V.S.A. § 651, by failing to require defendant to pay child support. If defendant's ability to provide for herself and her children were to change, plaintiff may seek to modify the order so that defendant also contributes to the support of their children. See 15 V.S.A. § 660.

■ Defendant argues that the trial court erred and abused its discretion by failing to award her attorney's fees. In a divorce action, the court may determine whether to make an award of "suit money" based on the financial circumstances of the parties. See *Ely* v. *Ely*, 139 Vt. 238, 241, 427 A.2d 361, 363 (1981). Here, the court's findings indicated that both parties were in a financially precarious situation. The court did not abuse its discretion by failing to award her suit money.

*Affirmed in part and reversed in part.*