## FAIR HAVEN ANIMAL HOSPITAL v. DEPARTMENT OF EMPLOYMENT AND TRAINING

[552 A.2d 407]

No. 87-271

July 26, 1988. Employer appeals from a decision of the Employment Security Board affirming the determination by the appeals referee that the contribution rate established by the Department of Employment Security was correct. We affirm.

The Department sent the employer its contribution rate notice for the July 1, 1986 to July 1, 1987 period on August 29, 1986, which was based on a claim for benefits paid in 1984 and 1985 totalling $2548. The referee decided first that employer's appeal was untimely, but the Board reversed and remanded for a hearing on the merits. On remand, the employer argued, not that the contribution rate calculation was erroneous, but that "they should never have been charged with any benefits at all during 1985." The referee

concluded that the issue of the 1985 benefit payment could not be addressed in the appeal and sustained the Department's rate calculation.

The Board's decision carefully explores the employer's assertion that the 1984 claim should not have been allowed. The claim for benefits was filed September 7, 1984, and the Department promptly notified the employer of the claim. On September 19, 1984, the employer returned the required form stating, "Hired staff technician who we knew." On April 4, 1985, the Department notified the employer that $2548 of benefits was charged to its account and that it had 15 days within which to appeal, which is the statutory appeal period under 21 V.S.A. § 1337a. No appeal was filed at that time, and the employer did not act until it received the August 29, 1986 contribution rate notice.

The employer argued below and contends here that it was denied due process because the claimant receiving benefits in 1985 was separated under disqualifying circumstances and the principal owner of the business "did not recall getting such notice." The Board concluded that the employer was in fact provided with the April 4, 1985 notice, whether or not it had actual knowledge of the facts, and that "[h]aving foregone that chance to raise the issues which it would like to raise now, it is not entitled to a similar opportunity now."

The issue of proper notification of benefits was determined against employer below, and no grounds are raised on appeal for questioning this finding. The mere allegation of failure to receive notice does not constitute a deprivation of due process. See, e.g., *Carroll* v. *District of Columbia Dep't of Emp. Serv.*, 487 A.2d 622, 624 (D.C. Ct. App. 1985); *Osborn* v. *Review Bd. of Ind. Emp. Sec. Div.*, 178 Ind. App. 22, 27, 381 N.E.2d 495, 500 (1978). The facts here contrast sharply with those in *Emrick* v. *Connarn*, 128 Vt. 202, 260 A.2d 380 (1969), where there was no notice, and no purported notice, of an evidentiary hearing on the issue of defendant's motion for the production of a witness.

*Affirmed.*