## Janice M. WALL v. Steven A. MOORE

[704 A.2d 775]

No. 96-448

October 24, 1997. Defendant Steven A. Moore appeals the Windham Family Court's order dividing the marital property and debts in a final divorce decree. He further appeals the trial court's decision not to award him spousal maintenance, and claims that gender bias motivated the court's decision, in violation of the Equal Protection clauses of the United States and Vermont Constitutions. We affirm.

Plaintiff and defendant were married for the last four years of their fifteen year relationship, which ended in a divorce in 1996. In issuing a final decree of divorce, the court distributed all marital assets of the parties, including a stock portfolio which defendant had obtained through a family inheritance, and all debts. Prior to distribution, defendant cashed a substantial portion of the stocks in the portfolio in violation of a court order freezing all assets.

Defendant first argues that the court committed error in awarding an unfair proportion of the marital assets to plaintiff. He contends that the trial court erred in considering the entire length of the relationship for distribution purposes and in considering his inherited stock portfolio as a marital asset to be distributed.

15 V.S.A. § 751 governs the distribution of property in a divorce, setting out twelve factors the court "may consider," and requires the court to "equitably divide and assign the property." See *Semprebon v. Semprebon,* 157 Vt. 209, 215, 596 A.2d 361, 364 (1991). "The trial court has broad discretion in considering these factors, and its decision will be upheld unless its discretion was abused, withheld, or exercised on grounds clearly untenable." *Id.* The court is not required to delineate the weight given to each factor; it is merely required to give a clear statement of what was decided and why. *Jakab v. Jakab,* 163 Vt. 575, 585, 664 A.2d 261, 267 (1995).

While 15 V.S.A. § 751(b) authorizes the court to consider, among other factors, the length of the marriage, and the origin of the stock portfolio, neither of these considerations is dispositive. See *Kingsbury v. Kingsbury,* 147 Vt. 625, 626, 523 A.2d 1246, 1247 (1987) (weight to be assigned to statutory factors is within trial court's discretion). Nor are the statutory factors exclusive. Thus, we see no

error in considering the entire length of the couple's relationship in the distribution of marital assets where the court concluded that equity demanded this approach. Although the trial court recognized defendant's nonmonetary contributions, it found that plaintiff had provided the majority of the couple's financial support during the years before the couple married. Under this reasoning, the court felt it would be unfair to consider only the four years in which the couple was legally married for purposes of asset distribution.

Nor was it error to consider defendant's inherited stock portfolio as a marital asset to be distributed between the parties. All property owned by either or both of the parties, regardless of how or when acquired, is subject to the jurisdiction of the court. 15 V.S.A. § 751(a). Further, the court could continue to consider the stock portfolio to be a marital asset to be distributed even though defendant had transferred the stock in violation of the court's order. See *Clayton v. Clayton*, 153 Vt. 138, 143-45, 569 A.2d 1077, 1079-80 (1989); *White v. White*, 133 Vt. 614, 616-17, 349 A.2d 894, 896 (1975). Given the circumstances, it was clearly within the court's discretion to assign this asset to defendant.

Defendant also claims that it was error for the court to charge him with the tax consequences of liquidating the stocks. Defendant overlooks the fact that had he not chosen to cash in the stocks, in violation of the court order, no tax liability would have ensued. Again, the court's action was within its discretion.

Defendant also asserts that the trial court erred in its calculation of the equity of the marital premises. He points to a home equity loan that plaintiff incurred which he claims should not be considered in valuing the equity in the home and further argues that the home furnishings were undervalued. The proceeds of the home equity loan were used for repair and modification of the home. In the absence of credible evidence to the contrary, the court acted within its discretion to conclude that the value of the home was increased by the cost of the repairs and modifications that were supported by the loan proceeds. Whether or not defendant was responsible for the loan, the court acted properly in determining that evaluation of the home as a marital asset had to consider the increased value as well as the debt that brought about the increase in value.

Regarding the valuation of the home furnishings, the court used the figure plaintiff provided in her affidavit of income and assets rather than defendant's unsubstantiated estimate of the property's value. Where no outside experts are used, the court must rely on the testimony of the parties who own the property, and the court is fully within its discretion to choose one of the parties' estimates over the other. *Wood v. Wood*, 143 Vt. 113, 119, 465 A.2d 250, 253 (1983). There is no error in the valuation.

We also note, with respect to defendant's maintenance claim, the broad discretion of the trial court. See *Clapp v. Clapp*, 163 Vt. 15, 20, 653 A.2d 72, 75 (1994). Here, the court found that the claim failed to meet the standards of 15 V.S.A. § 752(a), which authorizes an award of spousal maintenance if the court finds that the spouse seeking maintenance cannot "provide for his or her reasonable needs, ... and is unable to support himself or herself through appropriate employment at the standard of living established during the marriage or is the custodian of a child of the parties." The trial court deemed spousal maintenance inappropriate because the standard of living presently enjoyed by both parties exceeds that which they experienced during the majority of the marriage and because there is no significant disparity in earning potential between them. We affirm this conclusion within the discretion of the court.

Finally, defendant argues that the divorce order is the result of gender bias, and, as a result, denies him equal protection of the law. Since we conclude that the order was well within the court's discretion, and see no evidence of gender bias, we reject defendant's claim without reaching whether its theory of a constitutional violation is valid. See *In re Wildlife Wonderland, Inc.*, 133 Vt. 507, 520, 346 A.2d 645, 653 (1975) (Court does not consider constitutional arguments unless disposition of case requires it).

*Affirmed.*