VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.       23-AP-224

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

MARCH TERM,   2024

Advanced Power Conversion Solutions    }    APPEALED FROM:
Inc.\* v. Department of Labor    }
   }    Employment Security Board
   }    CASE NO. 05-22-115-01

In the above-entitled cause, the Clerk will enter:

Employer Advanced Power Conversion Solutions Inc. appeals a decision of the Employment Security Board affirming the Department of Labor's determination that employer is a full successor to the entity SBE Inc. and therefore assumed SBE's unemployment contribution rate.  We conclude that the Board lacked jurisdiction to address the successorship issue and therefore dismiss this appeal.

SBE was formed in 2002.  It manufactured electrical capacitors in Barre, Vermont.  Edward Sawyer was the president and CEO of SBE as well as a shareholder.  By 2019, the business was failing.  Sawyer sought a way to rescue the viable portion of the business.  In November 2019, employer was incorporated, with Sawyer as its president and CEO.  SBE's assets were foreclosed upon by creditors in December 2019.  Sawyer and another shareholder, Michael Brubaker, negotiated on behalf of employer with the creditors to buy SBE's inventory and lease its equipment.  Brubaker became the vice president and CEO of employer.  SBE ceased operations on December 31, 2019, and employer began operating on January 1, 2020.  Employer manufactures custom electrical capacitors.  Employer operates from the same building as SBE.  Employer offered positions to SBE employees, nine of whom accepted work with employer.  Employer now employs forty-five workers, most of whom are located in Vermont.

The Department assigns a contribution rate into the unemployment-compensation system based on an employer's experience of having claims made against it.  See 21 V.S.A. § 1326.  A new employer with no claim history is assigned an average rate for the industry unless the new employer is a successor entity.

In April 2020, the Department sent employer a "Successor Status Determination Notice," which stated that it considered employer a successor to SBE and employer was therefore subject to its predecessor's experience rating of 6.2%.  The notice stated that employer had the right to appeal this administrative determination within thirty days.  Employer did not file an appeal and instead continued to pay the startup contribution rate of 1%.  In May 2022, the Department

notified employer that it owed $35,910 in unpaid contributions, interest, and penalties. In June 2022, the Department notified employer that its contribution rate for the upcoming tax year was 5%.

Employer appealed the May 2022 notice to an administrative law judge (ALJ). Employer did not challenge the Department's assessment of contributions, interest, or penalties, but solely the determination that employer was a full successor to SBE. The ALJ upheld the successorship determination as well as the May 2022 assessment and the June 2022 determination of employer's future contribution rate. Employer appealed to the Board, which upheld the ALJ's findings and conclusions. This appeal followed.

Employer argues that it is not a successor to SBE because it purchased SBE's assets from creditors, rather than SBE; it makes a more targeted subset of SBE's products; it no longer has the same board of directors and has some different shareholders; and SBE continues to legally exist and has the right to use certain technology. Employer argues that 21 V.S.A. § 1325(b)(1)'s definition of a successor entity conflicts with Vermont law regarding corporate successor liability and that elements of the law should be stricken. Employer further contends that a federal district court in Ohio found employer was not SBE's successor in a product-liability suit.

We agree with the Department that employer waived any challenge to the April 2020 successorship determination by failing to timely appeal it, and the ALJ and Board lacked jurisdiction to consider that issue below. Although the Department raises this argument for the first time on appeal, "subject matter jurisdiction is an issue that may be raised at any time." Poston v. Poston, 161 Vt. 591, 592 (1993).

The unemployment-compensation statute requires a party to appeal an administrative determination to an ALJ within thirty days. 21 V.S.A. § 1337a(a) ("Any employing unit aggrieved by an administrative determination affecting its rate of contributions . . . may, within 30 days after date thereof, file with the Commissioner a petition for a hearing thereon, which petition shall set forth specifically and in detail the grounds upon which it is claimed the administrative determination is erroneous."). "A timely appeal is jurisdictional," and the Board does not have discretion to extend this statutory appeal period. Allen v. Vt. Emp. Sec. Bd., 133 Vt. 166, 168-69 (1975) (holding that "board has no inherent power to extend the statutory appeal period" except for failure to receive notice as specified in 21 V.S.A. § 1357); see also Trask v. Dep't of Emp. & Training, 170 Vt. 589, 590 (2000) (mem.) (declining "to carve out a fairness-based public policy exception to Allen"). Employer does not argue that it did not receive the April 2020 notice, so there was no basis to extend the appeal period. While employer claims that "all statutory deadlines were suspended" during the COVID-19 emergency, it cites no authority supporting this claim.

The April 2020 successorship determination became final in May 2020 when the thirty-day appeal period expired without employer taking action. The ALJ and Board therefore lacked jurisdiction in the proceeding below to consider the issue of whether employer was a successor entity to SBE. See Fair Haven Animal Hosp. v. Dep't of Emp. & Training, 150 Vt. 650, 651 (1988) (mem.) (affirming Board's conclusion that employer waived challenge to notice that benefits were charged to employer's account where employer failed to timely appeal notice and did not appeal until it received subsequent contribution rate notice); see also In re Taft Corners Assocs., 162 Vt. 638, 639 (1994) (mem.) (dismissing appeal where superior court lacked subject matter jurisdiction to issue decision being appealed). While employer did timely appeal the notice of unpaid contributions, it did not challenge any aspect of that notice other than the

successorship determination in the proceedings below, and it does not raise any arguments concerning the amount of the assessment on appeal.

Because the ALJ and Board lacked jurisdiction over the successorship issue, we do not reach employer's arguments concerning that issue.

Appeal dismissed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice


_____
Harold E. Eaton, Jr., Associate Justice


_____
Nancy J. Waples, Associate Justice

3