2003 VT 80

**Marie M. WATSON v. David WATSON**

[833 A.2d 869]

No. 02-293

¶ 1. September 5, 2003. Husband challenges the Caledonia Family Court's award of permanent maintenance to wife in this appeal from a final order of divorce. We affirm.

¶ 2. The parties, who have no children, were married for approximately seventeen years before they separated in the early summer of 2001. At that time, wife was forty years old and husband was forty-five. The parties owned no real property together and had few assets at the time of the divorce hearing in May 2002. Husband has an eighth grade education, and wife holds a high school diploma. While married, both parties worked as truck drivers. Their combined income was approximately $57,600. In 1999, wife suffered an aneurysm that left her unable to work. Although husband has an arthritic condition in his knee and hip that makes it difficult to walk or stand for a long period of time, the condition does not affect his employability as a truck driver.

¶ 3. Prior to her aneurysm, wife earned roughly $1,600 per month. She now collects monthly social security disability benefits in the amount of $740. Husband's take-home pay is approximately $2,390 each month. The court found that the parties did not live extravagantly during their marriage but were able to take vacations. Since their separation, husband has maintained the same living standard the parties enjoyed while they were married. In contrast, wife's limited income does not allow her to maintain "even a modicum of a reasonable living style, much less the standard of living that was maintained by the parties at the time they were together." The court found that unlike husband, wife could not contribute money to a savings or retirement account, purchase gifts for family and friends, take a vacation, or spend money on entertainment. It also found that if wife had housing expenses on top of her other expenses, she would need public assistance. The court consequently ordered husband to pay wife $700 per month in permanent maintenance. Husband appealed the decision to this Court.

¶ 4. Maintenance seeks to, among other things, ameliorate the financial impact of divorce. See *Naumann v. Kurz*, 152 Vt. 355, 359, 566 A.2d 1342, 1344 (1989) (maintenance intended to reduce financial impact of divorce and compensate spouse for homemaking contributions to family's well being).

Thus, the family court is authorized to award maintenance if the receiving party does not have enough income, through employment or otherwise, or property to provide for his or her reasonable needs at the standard of living enjoyed during the marriage. 15 V.S.A. § 752(a); *Kohut v. Kohut*, 164 Vt. 40, 43, 663 A.2d 942, 944 (1995). The family court must consider the factors set forth in § 752(b) to determine the amount and duration of the award. *Kohut*, 164 Vt. at 43, 663 A.2d at 944; see 15 V.S.A. § 752(b). As long as the family court's order reflects that it considered the relevant factors under § 752(b), the court is not required to issue specific findings on each factor, and the party challenging the award on appeal "must show there is no reasonable basis" for it. *Kohut*, 164 Vt. at 43, 663 A.2d at 944; *Delozier v. Delozier*, 161 Vt. 377, 381, 640 A.2d 55, 57 (1994).

¶ 5. Husband first claims that the court's decision does not adequately reflect consideration of § 752(b)(1) and (6) because the court ignored the fact that wife retained $5,000 from the parties' joint savings account and husband agreed to assume most of the marital debt. Subsections (b)(1) and (6) require the court to consider the financial resources and needs of the recipient spouse and the payor spouse's ability to satisfy the maintenance award while still meeting his or her own reasonable needs. 15 V.S.A. § 752(b)(1), (6). Husband's argument has no merit. The court's findings recognize explicitly what husband claims the court overlooked:

> Primarily the Court is basing its order on the disability suffered by Mrs. Watson, her contribution to the marriage financially during the time the parties were together and the fact that this is a long-term marriage. The Court does not — *and the Court is taking into account the fact that Mr. Watson is going to be paying the vast proportion of debts in this marriage, which sum is close to $9,000 in debts* when one totals all of the two Sears cards, the Associates debt and the First U.S.A. bill and there's outstanding balances and the TransAmerica bill.
>
> On the other hand, *the Court does not ignore the fact that the medical bills incurred are, in fact, marital debts and Mrs. Watson is going to be responsible for those and they are significant, the $3,000 plus that's owed to N.V.R.H.; and the Court is also factoring in that Mrs. Watson has received $5000 at the time the parties left the marital — broke up essentially.* That was by agreement of the parties.
>
> For those reasons and in viewing the parties' current ongoing income situation, the Court finds that Mr. Watson should, in fact, pay spousal support of a permanent nature to Mrs. Watson.

(Emphasis added.) The court's award attempts to equalize the parties' post-divorce income to give wife a living standard like the one the parties enjoyed during their nearly eighteen-year marriage. The award recognizes that wife is unable to work to support herself because of the ongoing effects of her 1999 aneurysm. Husband is still able to work, and as the court found, he even increased his hours after the parties separated. Although husband has been living at the same standard the parties enjoyed during their marriage, wife has not.

¶ 6. Husband nevertheless argues that if he must pay wife $700 in maintenance each month, he will have to incur additional monthly debt of approximately

$364 and will not be able to satisfy his own reasonable needs. Thus, he argues, the court could not have considered his ability to pay maintenance as required by § 752(b)(6), because if it had, the court would have reached a different conclusion. We disagree. The court made findings on husband's monthly expenses, including a monthly loan payment of $536.90 for a 2001 truck he purchased before the parties separated. It weighed the other factors in § 752(b) more heavily, however, based on the parties' circumstances. In particular, the court's decision reflects its concern that wife cannot work to support herself because of her medical condition, and the parties owned no property capable of providing her with an income after the divorce. Her financial situation without maintenance would leave her with an unreasonable living standard. In this case, the court's findings as a whole show that it based the maintenance award on an appropriate consideration of all of the statutory factors in light of the evidence the parties presented, husband's ability to pay being only one of several. Husband has not shown that the award is without a reasonable basis, and his first claim must, therefore, fail.

¶ 7. Citing our decision in *Lalumiere v. Lalumiere*, 149 Vt. 469, 544 A.2d 1170 (1988), husband next claims that the court exceeded its authority by awarding permanent maintenance when wife did not request it. He grounds this argument on wife's proposed factual findings requesting a lump-sum maintenance payment of $10,000, or a lump-sum payment of $7,500 followed by ten monthly payments of $250 each. Husband's reliance on *Lalumiere* is misplaced. In that case, we reversed a spousal maintenance award because the receiving spouse did not request it and the matter was not an issue at trial. 149 Vt. at 472, 544 A.2d at 1172. Therefore, husband had no notice or opportunity to present evidence or argument on the matter. *Id.*

¶ 8. This case is substantially different from *Lalumiere*. Here, wife specifically requested maintenance in her form divorce complaint, and wife's counsel informed the court at trial that wife was seeking a permanent maintenance award. In addition, at some point before the close of evidence, the court told counsel for both parties that "if there w[ere] no place from which to take a lump sum payment, then the Court would be looking to spousal support and that was a position that Ms. Watson had taken." It went on to note that "there's nothing here the Court can find that would provide an adequate amount of a lump sum payment in this case." Consequently, the court ordered husband to pay permanent maintenance. Under these circumstances, husband's claim that the court exceeded its authority by awarding permanent maintenance because he had no notice or opportunity to be heard is wholly without merit.

*Affirmed.*