*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-005

MAY TERM, 2011

| | |
|---|---|
| Connie Holmes | } APPEALED FROM: |
| | } |
| | } |
| v. | } Superior Court, Washington Unit, |
| | } Family Division |
| | } |
| Victor Allen Holmes | } DOCKET NO. 193-6-10 Wndm |

Trial Judge: Brian J. Grearson

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order, challenging the court's award of spousal maintenance to wife. On appeal, husband argues that the court's order is not supported by sufficient findings. We affirm.

In April 2010, wife filed a complaint for relief from abuse (RFA). In June 2010, the parties stipulated to a final RFA order, and wife filed for divorce. On November 9, 2010, the court held a final hearing on the divorce. The parties stipulated to division of personal property. They owned no real estate and neither one had a pension so the focus of the hearing was on spousal maintenance.

The court issued a written order and found the following facts. During the parties' marriage, husband worked as a long-distance truck driver earning as much as $800 per week. Shortly after the parties' separation, husband had an accident while working and lost his job. He has been unable to obtain employment as a truck driver since that time. At the time of the final hearing, he was employed full-time at a farm earning $10 per hour. Wife has a commercial driver's license and during the marriage worked with husband as a team driver and at other part-time jobs. She currently has a position with Cabot earning $16.25 per hour, but is limited to 1000 hours. She lives with her daughter "because she had to give up an apartment in order to afford her car." The court granted wife spousal maintenance with the following explanation:

> Based on [husband's] higher level of income, his increased earning ability as compared to [wife], the standard of living established during the marriage when he was the primary or sole source of income, the court orders [husband] to pay spousal maintenance of $150.00 per week for a period of five (5) years, beginning November 15, 2010. Maintenance will terminate upon remarriage or cohabitation of [wife].

Husband appeals.

Maintenance is designed to "ameliorate the financial impact of divorce." Watson v. Watson, 2003 VT 80, ¶ 4, 175 Vt. 622 (mem.). Pursuant to statute, maintenance may be awarded if the court finds that the requesting spouse lacks sufficient income or assets to meet her reasonable needs and is unable to support herself through employment at the standard of living enjoyed during the marriage. 15 V.S.A. § 752(a). If this threshold requirement is met, then the court considers the factors in § 752(b) in setting the amount and duration of maintenance, which the court has broad discretion in determining. Kasser v. Kasser, 2006 VT 2, ¶ 38, 179 Vt. 259.

Husband first argues that there are insufficient findings to show that wife lacks sufficient resources to meet her reasonable needs. Husband notes that the only indication of wife's ability to meet her current needs is the information about her part-time position and that she has been forced to move in with her daughter. Husband posits that even accepting that her only means of income is her job at Cabot, that job still yields her $16,250 a year—an amount, according to him, that is 50% above the poverty guideline for one person.

There is no merit to husband's suggestion that wife is not entitled to maintenance because her income is above the poverty line. As this Court has explained in the past, the question of "reasonable needs should not be looked at in relation to subsistence," but rather involves a "critical comparison . . . to the standard of living established during the marriage." Strauss v. Strauss, 160 Vt. 335, 338 (1993). The relevant inquiry under the statute is whether wife has sufficient income to meet her reasonable needs and is able support herself at the standard of living established during the marriage. Bancroft v. Bancroft, 154 Vt. 442, 445 (1990).

The court's conclusion that wife was unable to do so in this case is supported by the findings as made. This was a marriage, and a divorce, involving limited means. Overall, the court's findings are clear enough that the parties' married standard of living was modest, that wife worked part-time as a team driver with husband and continues to work part-time now, that husband was the primary earner and continues to work full-time albeit at a reduced wage, that wife's post-separation standard of living is less than what it was, that husband earns more than wife and that, by a small degree, is potentially better off than she. The court was not required to make precise findings on the exact standard of living or detail wife's current expenses. The fact that wife's income is comparatively less than what the parties enjoyed during their marriage and that she was forced to move in with her daughter because she could not afford both a car and an apartment is sufficient to demonstrate that wife was unable to meet her reasonable needs and was living below the standard established during the marriage. Thus, there was an adequate basis to award maintenance.

Husband next argues that the court's analysis under § 752(b) was flawed because the court failed to make findings on all of the statutory factors. The court is not required, however, to engage in such an analysis. "As long as the family court's order reflects that it considered the relevant factors under § 752(b), the court is not required to issue specific findings on each factor, and the party challenging the award on appeal must show there is no reasonable basis for it." Watson, 2003 VT 80, ¶ 4 (quotation omitted). The award in this case had a reasonable basis in that the court addressed several relevant factors. The court based the maintenance award on husband's status as the primary source of income during the marriage, husband's higher level of income and increased earning ability as compared to wife, and the standard of living enjoyed during the marriage. These are all valid considerations under § 752(b) and support the court's maintenance award. Although length of marriage is a statutory factor, that the court did not mention it, or others, is of no moment absent some reason expressed by husband that the factors omitted should have made a difference to the outcome.

2

Husband contends that the court should have considered additional factors and that some of the court's analysis is not supported by the evidence. For example, he hypothesizes that wife could have obtained additional employment or reduced her expenses. These assertions are essentially challenges to the adequacy and completeness of the court's findings, which is beyond the scope of our review in this case because husband did not order a transcript. Without a transcript, we must assume that the court's findings are supported by the evidence. V.R.A.P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant shall include in the record a transcript of all evidence relevant such finding or conclusion."); see In re S.B.L., 150 Vt. 294, 307 (1988) (explaining that appellant bears consequences of failing to order transcript and without transcript Supreme Court assumes that evidence supports trial court's findings). In any event, husband points to no evidence below tending to support his contentions that wife could earn more or that he could not, or that wife's current lifestyle exceeds that of her married situation, so no prejudice appears from the court's lack of more specific findings of fact.

Finally, we address husband's motion to strike an argument from wife's brief pertaining to an interim maintenance award granted in conjunction with the RFA order. In the final divorce order, the court ordered husband to pay the obligation, but noted that husband could seek modification based on his trucking accident and subsequent decline in income. In her appellee's brief, wife requests that this Court vacate that portion of the trial court's order that allowed husband to seek modification of the maintenance obligation. Because wife did not file a cross-appeal in this case, we grant husband's motion and do not reach this argument. See Huddleston v. Univ. of Vt., 168 Vt. 249, 256 (1998) (noting that this Court lacks jurisdiction to reach merits of claim advanced by appellee who did not cross appeal).

Affirmed.

BY THE COURT:

_____
Denise R. Johnson, Associate Justice


_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice

3