*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-157

NOVEMBER TERM, 2011

| | | |
|---|---|---|
| Deborah P. Clark | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Lamoille Unit, |
| | } | Family Division |
| | } | |
| Kevin Clark | } | DOCKET NO. F109-6-09 Ledm |

Trial Judge: Dennis R. Pearson

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order and argues that the court's parent-child contact schedule and spousal maintenance award to wife are not supported by the evidence and that the court abused its discretion in granting wife partial payment for her attorney's fees. We affirm the parent-child contact and attorney's fees portions of the award, and remand on the issue of spousal maintenance.

The court found the following facts. The parties were married in May 2002 and separated in June 2009. Two children were born during the marriage. Although mother worked some outside the home prior to the marriage, she became the primary caregiver when the parties' first child was born in February 2003. She has not worked outside the home since that time and is currently unemployed. She was primarily responsible for attending to the children's medical and schooling needs. She depends on state housing assistance and other government benefits to make ends meet and does not have health insurance. Father has been employed since 2002 as a heating/air conditioning technician and has a net monthly income of $3433. He is currently living with his girlfriend in a home owned by her. The court found that father's reasonable expenses total $2320, which includes a $1000 monthly rental payment to his girlfriend.

Under a temporary order, mother was granted parental rights and responsibilities and father was given contact with the children every weekend from Friday evening to Sunday evening. Father was paying mother $758 per month in spousal maintenance and an additional $1100 a month in child support. The parties agreed on distribution of the marital assets. The marital home was sold and the proceeds equally divided, with each receiving $41,000.

The court held a final hearing on the merits to resolve parental rights and responsibilities and parent-child contact, and to address wife's requests for spousal maintenance and attorney's fees. In a written order, the court granted mother sole parental rights and responsibilities, with contact for father, "[a]t a minimum" three out of every four weekends, plus half of all holidays, school vacation weeks or summer vacation period. The court found that mother is "barely surviving on the child support and spousal maintenance from [father], plus State and other benefits." Therefore, the court granted mother rehabilitative spousal maintenance of $1800 a month for five years. The court concluded that while this amount totaled more than it appeared

father could afford given his reported income and expenses, the court concluded that father had been making similar payments under the temporary order and therefore could afford the amount. As to attorney's fees, the court found that mother has no means to pay her attorney's reasonable fee, and granted a partial payment of $7500. The court noted that father had $9000 left from the sale of the home that he could use to pay this amount.

Father appeals. He first argues that the court's decision on parent-child contact is not supported by the evidence. The trial court is vested with broad discretion in crafting a parent-child contact schedule that serves the best interests of the children, and its decision will not be reversed unless clearly unreasonable on the facts presented or based on unfounded considerations. Gates v. Gates, 168 Vt. 64, 74 (1998). According to father, the court concluded that father should have more time with his children and then erroneously reduced his time with the children. We conclude that the parent-child contact schedule was not unreasonable. Although the court reduced the weekend overnight visits with father, the court's order also encouraged other contact with father and granted father half of all vacations and holidays.

Next, father contends that the court failed to make adequate factual findings on father's ability to pay to support its maintenance award. Maintenance is a means to "ameliorate the financial impact of divorce." Watson v. Watson, 2003 VT 80, ¶ 4, 175 Vt. 622 (mem.). The family division may award maintenance if the receiving party does not have enough income to provide for her "reasonable needs at the standard of living enjoyed during the marriage." Id.; see also 15 V.S.A. § 752(a). Once the court determines that maintenance is appropriate, the amount and duration of maintenance are based on consideration of seven nonexclusive factors enumerated in 15 V.S.A. § 752(b), including "the ability of the spouse from whom maintenance is sought to meet his or her reasonable needs while meeting those of the spouse seeking maintenance." Id. § 752(b)(6). The court has broad discretion in considering these factors, and we will reverse only where there is "no reasonable basis" to support the court's decision. Chaker v. Chaker, 155 Vt. 20, 25 (1990).

Father argues that given his current income and monthly expenses, he cannot afford the maintenance, and contends the court agreed when it found that the maintenance amount "is well in excess of [father's] net available pay for such purposes." Thus, he argues that the maintenance award is unreasonable. We do not reach father's argument because we conclude that the court erred in combining maintenance and child support into one lump sum. The court designated that father should pay $1800 in maintenance and reduced the child support obligation to $0 "[b]ecause of the apparent tax advantages." It is error, however, for the court to combine child support and maintenance because "we simply cannot see how the court exercised its discretion." Gulian v. Gulian, 173 Vt. 157, 161 (2001). Maintenance and child support have different statutory regimes and serve different purposes—the former is designed to provide for the spouse's needs, while the latter is to provide the children with the same approximate standard of living as if the family had remained intact. Id. at 160-61 (citing 15 V.S.A. § 752(a) (maintenance), § 650 (child support)). When the amounts are combined this Court is unable to ascertain how the court exercised its discretion and if the court properly applied the differing standards. Therefore, the matter is remanded for the court to reconsider the maintenance award.

Finally, father argues that the court abused its discretion in granting wife $7500 towards her attorney's fees. In a divorce proceeding, the family division may award attorney's fees "where justice and equity so indicate." Turner v. Turner, 176 Vt. 588, 590 (2004) (mem.) (quotation omitted). "The primary consideration in awarding attorney's fees is the ability of the supporting party to pay and the financial needs of the party receiving the award." Id. at 591. Father argues that the award was inequitable because the parties "were essentially in the same

financial condition," and each had received a lump sum from the sale of the marital home. According to father, it is inequitable to require him to use his share to pay mother's attorney's fees. We find no error in the court's decision to direct father to pay part of mother's attorney's fees. The court's findings emphasize that mother has extremely limited financial resources—no income other than father's maintenance payment and support from government programs—and no assets. On the other hand, father has a steady income and some savings. Given the relative equities, the attorney's fee award was reasonable.

Reversed and remanded for proceedings consistent with this decision.

BY THE COURT:


_____
Paul L. Reiber, Chief Justice


_____
John A. Dooley, Associate Justice


_____
Brian L. Burgess, Associate Justice