*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-269

DECEMBER TERM, 2011

| | |
|---|---|
| Suzanne Davis | } APPEALED FROM: |
| | } |
| | } Superior Court, Chittenden Unit, |
| v. | } Family Division |
| | } |
| | } |
| Sean Davis | } DOCKET NO. 429-5-10 Cndm |

Trial Judge: Linda Levitt

In the above-entitled cause, the Clerk will enter:

Husband appeals a final divorce order. On appeal, he challenges the court's maintenance award and division of property as unfairly punitive and an abuse of discretion. We affirm.

The court found the following facts. The parties married in February 1991 and separated in April 2010. At the time of the final order, wife was thirty-eight and husband thirty-nine. They have two children from the marriage, who were ten and fifteen at the time of the divorce. Wife was the primary caregiver for the parties' children during the marriage. She worked sporadically. She currently works part time as a postal carrier and earns $27,700 a year. She has a small pension from a previous employer. Husband works as an infrastructure engineer for a bank. For the few years preceding the divorce he earned approximately $100,000. He has a retirement account at work.

The court held a two-day hearing on the divorce to resolve issues of parental rights, property division and spousal maintenance. Based on the evidence presented, the court concluded that husband had physically and emotionally abused wife during the marriage, including punching her and pushing her. The court found the physical abuse ended in 1996, but the emotional abuse continued. The court found that, as a result, wife is anxious and distracted and has symptoms of post-traumatic stress disorder (PTSD). The court granted custody of the parties' younger son to wife and the older son to husband. As to property division, the court granted wife her own pension and 75% of husband's pension. The court also granted wife maintenance of $2,000 per month until August 2016 when the amount will be reduced to $1,500 per month until husband is age sixty-six.

On appeal, husband raises several arguments related to the court's maintenance award. The family court may award maintenance, either rehabilitative or permanent, to a spouse when it finds that the spouse lacks sufficient income or property, or both, "to provide for his or her reasonable needs" and the spouse "is unable to support himself or herself through appropriate employment at the standard of living established during the civil marriage." 15 V.S.A. § 752(a);

see Chaker v. Chaker, 155 Vt. 20, 24 (1990). The maintenance must be in the amount and for the duration the court deems just, based on the consideration of seven nonexclusive factors. See 15 V.S.A. § 752(b). If the court finds a sufficient basis to award maintenance, it has broad discretion in determining the duration and amount. Chaker, 155 Vt. at 25. We will set aside a maintenance award only if there is no reasonable basis to support it. Id.

Husband first contends that the court erred in awarding maintenance because it improperly assessed the parties' standard of living during the marriage and wife's reasonable needs. According to husband's version of the facts, wife's reported expenses are inaccurately inflated, and the court mistakenly found that the parties enjoyed a "middle class" income during the marriage based on only the income from the final years of the marriage. We find no error. The court was free to accept wife's representation of her expenses, which far exceeded her income. In addition, although the parties' income fluctuated during the marriage, husband's summary income chart submitted on appeal confirms that, except for one of the last thirteen years, the annual family income was well over $70,000 and exceeded $100,000 in four of those years, including the last three. The court did not abuse its discretion in characterizing the household as middle class and granting wife maintenance to help her come closer to maintaining that level of income. See Watson v. Watson, 2003 VT 80, ¶ 4, 175 Vt. 622 (mem.) (explaining that maintenance is designed to "ameliorate the financial impact of divorce").

Next, husband argues that the facts do not support the amount and extended-duration of the maintenance award. In particular, husband claims that long-term maintenance is not required because the parties' youngest son will reach majority in eight years and wife can increase her income by working more hours. In view of the length of the marriage and the disparity in the parties' current and future financial prospects, we find no basis to conclude that the court abused its "considerable discretion" in awarding spousal maintenance until husband retires. Golden v. Cooper-Ellis, 2007 VT 15, ¶ 47, 181 Vt. 359. Contrary to husband's argument, the court specifically found that husband had the ability to pay, noting that defendant's income "is high enough to easily meet his reasonable needs while also" paying maintenance.

Next husband contends that the court abused its discretion in failing to acknowledge husband's version of the facts, particularly related to wife's allegations of abuse. We find no error. As fact-finder, the court has discretion to determine the credibility of witnesses and weigh the persuasiveness of evidence. Gravel v. Gravel, 2009 VT 77, ¶ 13, 186 Vt. 250. The court was free to believe wife's account of the abuse during the marriage, and was not required to detail why it did not credit husband's evidence.[1] Because the evidence supports the court's finding of abuse, there is no basis to disturb its judgment.

Therefore, the court did not err in considering husband's fault in its property division. "The family court has broad discretion in dividing marital property, and we will uphold its decision unless its discretion was abused, withheld, or exercised on clearly untenable grounds." Kasser v. Kasser, 2006 VT 2, ¶ 30, 179 Vt. 259. By statute, the court is directed to "equitably divide and assign" marital property by considering several factors including the length of the marriage, the parties' income, the parties' opportunities for future acquisition of income, and the

---

[1] Husband's suggestion that the decision is or should be discredited because it was signed by only one assistant judge is unfounded. Assuming the second assistant judge disagreed with the facts as found by the court, the majority findings of the presiding judge and the other assistant judge leaves no avenue for challenging the decision. See 4 V.S.A. § 457 (outlining participation of assistant judges in family matters).

2

relative merits of the parties. 15 V.S.A. § 751. The court specifically noted that equity favored wife and granted her a greater portion of husband's pension to compensate for the "years of physical and mental abuse" she suffered.

Husband's assertion that the court implicitly relied on this fault determination to "punish" him in its maintenance award is at odds with the court's decision, which contains no indication that the court considered his abusive behavior in arriving at maintenance.[2] The court delineated that the maintenance award was based on the longevity of the marriage, wife's much smaller income, wife's "lack of property and financial resources, and the disparate skill set and employability of the parties." These were all legitimate considerations, and were supported by the facts in the record.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice

---

[2] Husband posits that the court "decided the issue of abuse before husband even took the stand" based on what he characterizes as the court's "sarcastic" response to wife's objection to husband's witness challenging her claim of abuse. **AAB 9.** It is difficult to discern sarcasm in a transcript, but the more salient point of the court's comment was to allow the testimony favorable to husband, anticipating that the witness was "probably going to tell me that the living situation was small and, yes, he would have known [about abuse, but was not aware of any]." This predicted relevance was ostensibly based on the testimony to that effect just received from another similarly situated witness presented by husband. Husband appears to confuse prescience with sarcasm and, in any event, demonstrates no bias on the part of the court. See Ball v. Melsur Corp., 161 Vt. 35, 45 (1993) (stating that "bias or prejudice must be clearly established by the record" and "that contrary rulings alone, no matter how numerous or erroneous, do not suffice to show prejudice or bias").

3