VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.     23-AP-280

*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.  Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

APRIL TERM,   2024

Gaetan Letourneau\* v. Cynthia Letourneau

}  APPEALED FROM:
}  Superior Court, Orleans Unit,
}  Family Division
}  CASE NO. 22-DM-00482
   Trial Judge: A. Gregory Rainville

In the above-entitled cause, the Clerk will enter:

Husband appeals from the trial court's final divorce order.  He argues that the court erred in awarding wife spousal maintenance.  We affirm.

Husband filed for divorce.  Wife initially did not participate because she was opposed to getting divorced.  At the divorce hearing, husband testified to the parties' financial and other circumstances.  The court issued an order dividing the parties' assets and awarding wife $500 per month in spousal maintenance.  Husband was awarded his retirement account, which he testified was approximately equal in value to the marital home.  Wife was awarded the marital home.

Husband filed a motion to alter and amend, seeking to strike the maintenance award and correct an error in the address of the marital home; he also requested findings and conclusions under Vermont Rule of Civil Procedure 52(a).  The court scheduled a hearing on the motion and directed both parties to attend, issuing wife a judicial summons.  Following a hearing, the court corrected the error as to the marital home, denied husband's request to strike the maintenance award, and set forth findings and conclusion in support of its decisions on property division and spousal maintenance.

The court found as follows.  The parties married in June 1979.  They are both in their mid-60s.  Husband is in good health while wife is on disability for spinal impairment.  Wife has limited work experience and/or ability to work.  The parties' adult children continue to live in the marital home.

Husband filed financial documents, including a financial affidavit, while wife filed none.  The court summarized the parties' testimony in its decision.  Husband stated that he works full-time and earns approximately $60,000 per year.  He has a retirement account valued at approximately $140,000.  Husband identified few other assets even though he was a skilled construction worker with many years of experience.  Husband cited the town's valuation of the

marital home at $150,000 in its grand list. He indicated that wife had limited income; she worked part-time at a fast-food restaurant and had a partial disability.

Wife testified that she raised the parties' children and did not work outside the home until four years before the divorce petition was filed. She had spinal surgery in 1997 and has been receiving partial Social Security disability payments since 2001. She received about $2000 per month in disability payments. She worked fewer than twenty-five hours per week, earning a few thousand dollars per year. Wife inherited approximately $30,000 several years before the final divorce hearing but had spent it down to about $11,000. Wife had no other financial assets, retirement accounts, or resources, except for her car. She did not have an opinion on the value of the marital home. Wife testified that husband took care of most of the living expenses during the marriage. The court found that property taxes, insurance, and incidental repairs totaled approximately $3000 or more per year and wife's car payments were over $400 per month (with the balance owed unknown), in addition to maintenance and fuel expenses.

Based on this evidence, the court concluded as follows. The parties had a long-term marriage of forty-three years. Husband has always been the primary wage earner as a skilled construction worker. He had the ability to continue to earn a substantial future income and presently earned about $5700 per month based on his financial affidavit. He also had the retirement account referenced above, which he sought to keep. He believed it was of comparable value to the marital home.

Wife only recently began working outside the home. She is physically impaired and can only work part-time earning a few thousand dollars per year. She had no appreciable earnings on which to base Social Security payments when she reaches the age of retirement. Wife had no real job skills, no retirement income potential, and her only financial asset was a savings account with about $11,000, which she was rapidly drawing down to meet her basic expenses.

The court found a substantial disparity in the parties' financial resources and their potential to earn future income, with husband in a far superior position. It concluded that wife needed spousal support to meet her basic needs and that husband could easily afford to pay her $500 per month, which was a modest sum considering the parties' respective financial positions. Husband appealed.

Husband first argues that court's order, prior to the court's additional hearing and findings, was not supported by the evidence. He further contends that, once the court did make findings, they were insufficient to support the maintenance award. He characterizes the court's findings as "patently insufficient" but does not elaborate on this argument. Husband maintains that wife has sufficient income to meet her needs.

Notwithstanding the unusual procedural history of this case, there is only one final order on appeal. The court's division of marital property and its award of spousal maintenance did not change. In response to husband's motion, it took additional evidence from wife and issued findings and conclusions as husband requested.

We review this final decision, and its accompanying findings and conclusions, to determine if the court abused its discretion in making its award. Chaker v. Chaker, 155 Vt. 20, 25 (1990). The court may award maintenance, either rehabilitative or permanent, to a spouse when it finds that the spouse lacks sufficient income and/or property to "provide for his or her reasonable needs" and the spouse is unable to support himself or herself "through appropriate

2

employment at the standard of living established during the marriage." 15 V.S.A. § 752(a); Chaker, 155 Vt. at 25. The maintenance must be in the amount and for the duration the court deems just, based on the consideration of seven nonexclusive factors. See 15 V.S.A. § 752(b). Once the trial court finds grounds for awarding maintenance, it has broad discretion in determining the duration and amount. Chaker, 155 Vt. at 25. A maintenance award will be set aside only if there is no reasonable basis to support it. Id.

Husband fails to show that the court's decision lacks a reasonable basis here. He suggests that the court speculated in finding wife's home-related expenses to be $6000 per year. But the court found these expenses to be $3000, not $6000. Husband also calculates a monthly income for wife that is not supported by the evidence or the court's findings. Wife testified that she earned "a little over a thousand dollars" the prior year from her part-time work and that she continued to work the same amount of hours. The court did not find, and the evidence does not show, that wife was earning $1500 per month for part-time work. As the court explained, the disparity between the parties' income and ability to generate future income is significant here. The court's decision reflects that it considered the statutory standard satisfied and it was not required to recite the exact language of the statute in reaching its conclusion. It is evident from the court's findings that wife lacks sufficient income and/or property "to provide for . . . her reasonable needs at the standard of living enjoyed during the marriage." Watson v. Watson, 2003 VT 80, ¶ 4, 175 Vt. 622 (mem.) (recognizing that "[a]s long as the family court's order reflects that it considered the relevant factors under § 752(b), the court is not required to issue specific findings on each factor, and the party challenging the award on appeal must show there is no reasonable basis for it" (quotation omitted)). The record plainly supports the court's determination that wife was entitled to spousal maintenance of $500 per month.

Affirmed.

BY THE COURT:

_____
Karen R. Carroll, Associate Justice

_____
William D. Cohen, Associate Justice

_____
Nancy J. Waples, Associate Justice